Harold J. ROMAIN, Plaintiff-Appellant,

v.

Admiral Harold SHEAR, Administrator
of the Department of Transportation,
Maritime Administration, Defendant-
Appellee.

No. 85–2421.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 1986.

Decided Sept. 19, 1986.

Mary Dryovage, San Francisco, Cal., for plaintiff-appellant.

Andrew M. Wolfe, San Francisco, Cal., for defendant-appellee.

Before BROWNING, Chief Judge, and FLETCHER and HALL, Circuit Judges.

## OPINION

PER CURIAM:

Plaintiff Harold Romain appeals the district court's dismissal of three of his four claims and the district court's grant of summary judgment for defendant on the fourth claim. We affirm.

## BACKGROUND

Romain was employed by the Department of Transportation's Maritime Administration (MARAD) in the San Francisco regional office. On September 30, 1983, Romain lost his job through a reduction-in-force (RIF). Romain appealed to the Merit Systems Protection Board (MSPB), and the MSPB presiding official affirmed the agency action. Romain then petitioned the full Board for review; the Board denied the petition. Romain received the MSPB's final order on May 30, 1984, and on June 29, 1984, he filed a complaint in district court.

Romain asserted four claims in his complaint: (1) age discrimination against Romain individually, in violation of the Age Discrimination in Employment Act (ADEA), by virtue of abolishing his position; (2) age discrimination in MARAD's employment practices against older employees in general; (3) violation of the Merchant Marine Act by failing to maintain a viable marketing development program; and (4) violation of the Civil Service Reform Act by effecting a reorganization that was not bona fide. The district court dismissed claims one and two for failure to file an action naming the proper defendant within the thirty-day statutory period, and dismissed claim three for failure to state a claim, concluding that the Merchant Marine Act does not provide a private right of action. The court found that as to claim four, Romain failed to name the correct defendant within the statutory period, and

that even ignoring this jurisdictional problem, defendant Shear was entitled to summary judgment on the merits. Romain timely appeals.

## DISCUSSION

### I. *Age Discrimination Claims*

Romain received the MSPB's final decision rejecting his petition for review on May 30, 1984. Title 5 U.S.C. § 7703, governing judicial review of decisions of the MSPB, requires that discrimination claims be filed within thirty days after receipt of notice of the judicially reviewable action. 5 U.S.C. § 7703(b)(2). Romain complied with the timing requirement by filing his complaint in district court on June 29, 1984.

The ADEA does not specify who should be named as defendant in an age discrimination action. However, reference to Title VII of the Civil Rights Act of 1964 provides guidance.

Section 717 of Title VII, 42 U.S.C. § 2000e–16, states that in a Title VII discrimination action, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). The terms "department," "agency," and "unit" are further defined in § 2000e–16(a); "agency" refers to one of the "executive agencies as defined in section 105 of Title 5." Title 5 U.S.C. § 105 in turn states that " 'Executive agency' means an Executive department, a Government corporation, [or] an independent establishment," and 5 U.S.C. § 101 defines "Executive department" as one of the thirteen cabinet-level departments, including the Department of Transportation. Title VII thus requires that in a suit such as Romain's, the Secretary of Transportation be named as the defendant.

Section 15 of the ADEA, 29 U.S.C. § 633a, enacted in 1974 to prohibit age discrimination in federal employment, was patterned after § 717 of Title VII, 42 U.S.C. § 2000e–16. *See Lehman v. Nakshian*, 453 U.S. 156, 166–67 & n. 15, 101 S.Ct. 2698, 2704–05 & n. 15, 69 L.Ed.2d 548 (1981). When a provision of the ADEA can be traced to a complimentary section of Title VII, the two should be construed consistently. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). Other courts, including the Seventh Circuit, have held that § 2000e–16(c)'s identification of the proper defendant applies to ADEA claims. *See, e.g., Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir.1986); *Gillispie v. Helms*, 559 F.Supp. 40, 41–42 (W.D.Mo. 1983). We agree with the reasoning of these cases and hold that 42 U.S.C. § 2000e–16(c), identifying the proper defendant in Title VII discrimination actions, also applies to age discrimination claims brought under the ADEA.

Romain thus should have named the Secretary of Transportation as the defendant in his ADEA claims. Romain incorrectly named Harold Shear, Administrator of MARAD, as defendant.

Romain contends that he should be permitted to amend his complaint under Fed. R.Civ.P. 15 to name the proper defendant. Rule 15(c) provides:

> *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied *and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits,* and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of

clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

(Emphasis added.) At issue here is the underscored provision requiring that a newly named defendant receive notice of the suit within the statutory period for commencing the action.

■ In the case at bar, the Secretary of Transportation did not receive notice of the action within the thirty-day period following Romain's receipt of the MSPB's decision, i.e., by June 29, 1984. In fact, no government official or entity was served within the thirty-day period. Romain's failure to name the proper defendant thus could not be remedied by a Rule 15 amendment. *See Schiavone v. Fortune,* —— U.S. ——, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986); *Cooper v. U.S. Postal Service,* 740 F.2d 714, 716 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

■ On appeal, Romain argues for the first time' that the 180–day period of 29 U.S.C. § 633a(d), rather than the thirty-day period of 5 U.S.C. § 7703(b)(2), applies to his case. Section 633a(d), part of the ADEA, provides in part:

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

By its terms, this provision applies when the individual has *not* pursued an administrative remedy through the EEOC. Discrimination complaints are normally pursued through the EEOC. Romain was able to pursue his complaint through the MSPB because his was a "mixed case" involving an adverse action normally appealable to the MSPB *and* an allegation that a basis for the action was discrimination. *See* 5 U.S.C. § 7702(a). In a case such as Romain's, § 663a(d) would apply only if Ro-

main had not pursued an administrative remedy through the MSPB.

Romain attempts to avoid this problem by contending that although he pursued his initial complaint through the MSPB, his employer later committed "a new and separate violation of the [ADEA] ...: after the MSPB hearing, appellee took various steps to create a new part-time non-Civil Service consultant position to perform most of appellant's duties." Romain raised this new violation in his petition for review filed with the MSPB. Romain contends that "[this] new violation was not taken through administrative channels—appellant went directly into federal district court after the MSPB denied the petition for review."

Romain never presented this argument before the district court; 29 U.S.C. § 633a(d) is never mentioned in district court papers. In documents filed in the district court Romain argued that (1) Shear was in fact the correct defendant, or (2) the proper defendant received notice within the thirty-day period. In his Rule 60(b) motion before the district court, Romain stated: "It must be remembered that this action was brought under 5 U.S.C. § 7702 which requires that a *de novo* action be brought within thirty days of receipt of the MSPB decision."

■ This court will generally not consider an issue raised for the first time on appeal. *Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985). Three exceptions to this rule exist: (1) in an "exceptional" case when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a new issue arises while ·appeal is pending because of a change in law, or (3) when the issue is purely one of law and the necessary facts are fully developed. *Id.*

■ None of these exceptions avails Romain. There is nothing "exceptional" about his case, and no laws have changed pending appeal. The facts relevant to this question are not fully developed: the district court made no findings as to whether Romain's claim regarding creation of the new consultant position constituted a new

claim separate from the claim previously pursued through the MSPB, or as to whether the petition for review filed with the MSPB satisfied the requirement of § 633a(d) that a notice of intent to sue be given. We therefore decline to consider Romain's argument that the 180–day period of § 633a(d) applies to this case.

## II. *Merchant Marine Act Claim*

■ In the third claim of his complaint, Romain alleges that "[t]he defendant has unlawfully failed to maintain the marketing program in the San Francisco Regional Office in violation of the Merchant Marine Act of 1934, 46 U.S.C. 1101, as amended by 46 U.S.C. 1213." As the district court observed in its initial order, § 1101 is a declaration of policy and creates no enforceable legal rights. Section 1213(b) provides for the establishment of at least one MARAD regional office in each of the four "port ranges," but imposes no requirement as to a regional office in San Francisco. Furthermore, these provisions do not create a private right of action. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). The district court thus properly held that Romain failed to state a claim upon which relief could be granted.

■ On appeal, Romain contends that he brought his Merchant Marine Act claim under a provision of the Civil Service Reform Act that permits a court to set aside MSPB action that is "not in accordance with law." *See* 5 U.S.C. § 7703(c)(2).[1] Under this jurisdictional basis, Romain again failed to name the proper defendant within the thirty-day statutory period. Section 7703(a)(2) provides that in such an action, "the agency responsible for taking the action appealed to the Board shall be the named respondent." The Department of Transportation was thus the proper defendant. Any attempt by Romain to amend his complaint to name the proper defendant

would fail because Rule 15(c)'s relation-back test would not be satisfied. *See supra* pp. 1418–1419.

Even if Romain could surmount this jurisdictional hurdle, dismissal for failure to state a claim would be proper. As observed above, 46 U.S.C. § 1101 contains only a declaration of policy. Section 1213(b) requires establishment and maintenance of "such regional offices as may be necessary, including but not limited to, one such office for each of the four port ranges." It further provides that the regional offices "shall carry out appropriate functions, activities, and programs of the Maritime Administration." Neither § 1101 nor § 1213(b) mentions marketing programs or requires maintenance of a San Francisco office. Construing the complaint in the light most favorable to Romain, there is no set of facts on which he could prevail, and dismissal for failure to state a claim was proper.

## III. *Civil Service Reform Act Claim*

Romain's fourth claim states that "[t]he defendant has violated the requirement of the Civil Service Reform Act of 1978 that an agency reorganization be bona fide." Romain labels as "pretextual" the agency's statement that the RIF was carried out pursuant to a legitimate reorganization.

Once again, Romain failed to name the proper defendant within the thirty-day statutory period. As discussed above, the proper defendant under 5 U.S.C. § 7703(a)(2) is the agency, here the Department of Transportation.

The district court noted this jurisdictional defect, but held that even if Romain could amend his complaint, summary judgment would be proper. We agree.

1. Section 7703(c), by its terms, applies to cases filed in the Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(c). This is because petitions for review of MSPB actions that do not contain discrimination claims must be filed in the Court of Appeals for the Federal Circuit. *See id.* § 7703(b)(1); *Tolliver v. Deniro,* 790 F.2d

1394, 1395 (9th Cir.1986). But if the action is a "mixed case" also involving a discrimination claim, the case is to be filed in the district court under the applicable discrimination statute, and the district court has jurisdiction to hear the entire claim. *See* 5 U.S.C. § 7703(b)(2); *Tolliver,* 790 F.2d at 1395.

### A. *Standard of Review*

██ Romain strenuously argues that he is entitled to de novo judicial review of his nondiscrimination claim, but he is mistaken. Ordinarily, petitions for judicial review of MSPB action are filed in the Court of Appeals for the Federal Circuit and are reviewed on the administrative record. 5 U.S.C. §§ 7703(b)(1), 7701(c)(1)–(3). Where a claim of discrimination is coupled with a nondiscrimination claim, however, the entire "mixed case" is filed in the district court. *Id.* § 7703(b)(2); 29 U.S.C. § 633a(c); *see also Tolliver,* 790 F.2d at 1395. On the discrimination claim, the petitioner "shall have the right to have the facts subject to trial de novo by the reviewing court." 5 U.S.C. § 7703(c). The nondiscrimination claim in a mixed case is, however, reviewed on the administrative record under § 7703(c)(1)–(3). *Hayes v. United States Government Printing Office,* 684 F.2d 137, 141 (D.C.Cir.1982) ("Hayes may bring his entire mixed case before the district court for review *de novo* of the discrimination claim, and review on the record of his nondiscrimination claim."); *Swann v. Walters,* 620 F.Supp. 741, 744 (D.D.C.1984) (same); *Thompson v. United States Postal Service,* 596 F.Supp. 628, 631 (W.D.Va.1984) (in considering the nondiscrimination portion of a mixed case, court reviewed claim on the administrative record following § 7703(c)(1)–(3)). The district court properly followed this principle in denying de novo review of the nondiscrimination claim.

### B. *Merits*

██ The MSPB concluded that MARAD had a legitimate basis for the RIF. The district court concluded that "[n]othing before the Court suggests that the [MSPB's] finding of no violation is erroneous."

In arriving at his decision, the MSPB presiding official considered testimony of three people, documents submitted by the parties, and deposition testimony of Shear. However, the administrative record does not appear to have been filed with the district court. From the district court's brief discussion on the merits, it is not clear what materials the district court had before it.

From our review of the decision of the MSPB and the few supporting documents provided in "Plaintiff's Exhibits," CR 38, we conclude that the district court was correct. The MSPB presiding official stated that he heard testimony and reviewed documents furnishing evidence "beyond any contradiction" of "extensive, recurrent reorganziations" in the agency in which hundreds of positions were eliminated. The presiding official concluded:

> The evidence is compelling that a "reorganization" within the meaning of 5 C.F.R. 351.203(f) occurred. The evidence clearly established that there was a planned elimination of duties as well as a redistribution of functions in the organization which occurred on a nationwide basis. The evidence also established, as noted, that this current reorganization took place in the context of a series of reorganizations in the recent past and a continuing reduction in agency staffing.

We affirm the district court's grant of summary judgment for the defendant on this claim.

AFFIRMED.