909 F.2d 1489
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Percy NUSUNGINYA, Defendant-Appellant.
 No. 89-30078.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1989.
Decided Aug. 6, 1990.
 Before CANBY, WIGGINS and FERNANDEZ, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Percy Nusunginya, an Inupiat Eskimo, was a whaling captain in Barrow, Alaska. On May 6, 1988, Nusunginya, aware that Barrow's village quota of whales had been met, went to his ice camp and struck, but did not land, a bowhead whale. As a result, the Alaska Eskimo Whaling Commission expelled Mr. Nusunginya from its list of registered whaling captains. Shortly thereafter, the United States filed an information charging Nusunginya with one count of hunting for a bowhead whale in violation of the Whaling Convention Act, 16 U.S.C. Sec. 916 et seq., and its implementing regulations. Nusunginya moved to dismiss the information as failing to state an offense against the United States. The district court denied the motion. The parties then entered into a conditional plea agreement pursuant to Fed.R.Crim.P. 11(a)(2), wherein Nusunginya pled guilty while preserving his right to appeal "all issues and collateral issues" raised in the motion to dismiss or bill of particulars. The district court entered judgment on March 1, 1989. Nusunginya now appeals. We affirm.
 
 
 3
 Nusunginya's sole argument on appeal is that he has an aboriginal right to conduct subsistence whaling outside the three-mile territorial limit of the State of Alaska that has not been extinguished by statute and that precludes his prosecution under the Whaling Convention Act. He failed, however, to assert such a right in the district court. We generally will not consider an issue raised for the first time on appeal. Singleton v. Wulff, 428 U.S. 106, 120 (1976); Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987). We may allow exceptions to this general rule:
 
 
 4
 (1) in an "exceptional" case when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a new issue arises while appeal is pending because of a change in law, or (3) when the issue is purely one of law and the necessary facts are fully developed.
 
 
 5
 Romain, 799 F.2d at 1419; see also Quinn v. Robinson, 783 F.2d 776, 814 (9th Cir.), cert. denied, 479 U.S. 882 (1986).
 
 
 6
 These exceptions do not apply here. Nusunginya has failed to show exceptional circumstances that prevented raising the issue below or any likelihood of manifest injustice if review is not granted. Nor has he identified a change in law as a basis for raising this claim for the first time on appeal. Finally, Nusunginya has not fully developed the facts necessary to raise this new legal issue. He has not established in the record the factual predicate of an aboriginal right. Without this factual support, we cannot determine the nature or extent of the claimed right.
 
 
 7
 Nusinginya's plea of guilty was conditioned on his preserving the issues he raised in his original defense. The existence of an aboriginal right was not among those issues preserved. We hold, therefore, that the issue Nusunginya now urges on appeal was not properly raised.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3