968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton William BENNETT, Plaintiff-Appellant,
v.
Frank C. CARLUCCI, as a Representative of the Secretary of
Defense; William H. Ball, III, as a representative of the
Secretary of the Navy; Richard B. Cheney, Secretary, in his
capacity as Secretary of Defense; H. Lawrence Garrett, III,
Secretary, in his capacity of Secretary of the Navy; Tom F.
Steiner, former Navelex consultant, et al., Defendants-Appellees.
 No. 91-55926.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided July 20, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and GEORGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alton William Bennett, a civilian federal employee, alleges that because he protected "whistleblowing" fellow employees he was the victim of adverse personnel actions, Bennett brought suit against his supervisors and co-workers alleging numerous causes of action. The district court dismissed his complaint without prejudice. Bennett appeals pro se.
 
 
 4
 * We affirm the dismissal by the district court of Bennett's constitutional and state-law tort claims. A federal employee may not challenge adverse personnel actions through a constitutional or state-law tort action against his supervisors and co-workers. By enacting the Civil Service Remedies Act, Congress precluded such suits. Saul v. United States, 928 F.2d 829, 840 (9th Cir.1991). All the acts Bennett complains of--negative performance evaluations, denial of promotions, threats of termination, placement of defamatory statements in a personnel file--are personnel actions. Regardless of whether Bennett has an adequate remedy under the CSRA, he may not sue his supervisors and co-workers for constitutional torts based on these personnel actions. Id. at 840 ("[T]he CSRA precludes even those Bivens claims for which the act prescribes no alternative remedy"). Nor may Bennett pursue state-law tort claims. Id. at 843 ("Even where the CRSA provide[s] ... no remedy, preemption of ... work-related tort claims is necessary to fulfill congressional intent").[1]
 
 II
 
 5
 We affirm the district court's dismissal of Bennett's claims based on Title VII of the Civil Rights Act of 1964, as well as his claim based on the Rehabilitation Act of 1973, for failure to exhaust administrative remedies. "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Vinieratos v. United States, 939 F.2d 762, 767-68 (9th Cir.1991). Similarly, "a federal employee who alleges employment discrimination on the basis of handicap must exhaust the administrative remedies available under Title VII; Title VII provides the exclusive channel by which such allegations may be heard in federal court." Id. at 773.
 
 
 6
 At the time Bennett filed suit in the district court, he had three separate formal EEO complaints pending with NAVELEX, his agency, raising essentially the same claims as Bennett's complaint. On December 27, 1989, NAVELEX notified Bennett the three complaints had been accepted for investigation. On January 10, 1990, Bennett filed suit, thereby staying the administrative proceedings pursuant to 29 C.F.R. § 1613.283. It is clear Bennett had not exhausted his administrative remedies prior to filing suit and that such remedies were available to him.
 
 
 7
 Bennett did receive a final EEOC ruling affirming NAVELEX's decision not to investigate some of the allegations in Bennett's first complaint on the ground that Bennett had not cooperated with NAVELEX's EEO investigation. Bennett has not argued, however, that the EEOC decision was wrong on this point. "When a federal employee obstructs the smooth functioning of a properly elected administrative process ... he fails to exhaust his chosen remedy and thereby forecloses judicial review." Vinieratos, 939 F.2d at 772. Thus, even if NAVELEX will not investigate these claims, if Bennett failed to exhaust his administrative remedies by declining to cooperate, such claims may not be brought in the district court.
 
 
 8
 When NAVELEX informed Bennett on December 27, 1989 that it had received the EEOC decision and was prepared to investigate the remaining issues in Bennett's three EEO complaints, the NAVALEX letters advised Bennett he had a right to sue in district court. The government concedes that inclusion of such advice was erroneous because NAVELEX's decision was not a final agency action. This erroneous language may have induced Bennett to file suit on January 10, 1990. Under such circumstances, the district court properly remanded the case so the agency could begin its investigation. See Ross v. United States Postal Service, 696 F.2d 720, 722 (9th Cir.1983) (case returned to agency because plaintiff failed to exhaust, even though plaintiff alleged he was not told of the need to exhaust).[2]
 
 III
 
 9
 The district court properly dismissed Bennett's claim based on the Age Discrimination in Employment Act against all defendants except the Secretary of the Navy. See Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir.1986) (the only proper defendant in a federal employee's ADEA suit is the agency head). We also affirm the dismissal of this claim without prejudice as to the Secretary. According to Bennett's complaint, the allegedly wrongful acts were taken in retaliation for Bennett's protection of "whistleblowers," not because of Bennett's age.[3] Accordingly, although Bennett's complaint cited the ADEA, it did not allege facts that state a claim for age discrimination.[4]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Lloyd D. George, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bennett argues that one of the defendants, Tom F. Steiner, is not entitled to the same defenses as the other federal defendants because he was an independent consultant hired by Bennett's agency, NAVELEX, to provide counseling services. We agree with the district court that "to the extent plaintiff makes allegations against him, Steiner was acting under contract to the United States as an employee of NAVELEX." We see no relevant distinction between Steiner and a permanent NAVELEX employee for purposes of this appeal
 
 
 [2]
 Bennett complains the Merit Systems Protection Board declined to review one of his claims, which concerns a letter of reprimand. It appears the same claim is contained in one of Bennett's EEO complaints, which has been accepted for review by NAVELEX and will be investigated. While certain claims may be presented to the MSPB or through the EEOC process, a federal employee must choose one or the other. See Vinieratos, 939 F.2d at 770 n. 9
 
 
 [3]
 Although Bennett sought permission from the district court to file an amended complaint, it was never ordered filed
 
 
 [4]
 Bennett does not argue the district court erred in dismissing his claim for violation of 42 U.S.C. § 1985(1), part of the Ku Klux Klan Act of 1871. Issues not argued on appeal are deemed waived. Wilcox v. C.I.R., 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)