975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Johnnie O. MEADOWS, Appellant,
v.
Anthony M. FRANK, Postmaster General, Appellee.
 No. 92-1342EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 1, 1992.
Filed: September 8, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Johnnie O. Meadows, a former postal employee, appeals from the district court's judgment for the Postmaster General in Meadows's employment discrimination action.
 
 
 2
 Following several warnings, the postal service discharged Meadows for sleeping on the job on October 7, 1987. Meadows unsuccessfully appealed his discharge to the Merit Systems Protection Board (MSPB) and then to the Equal Employment Opportunity Commission. Meadows next filed a complaint with the district court, claiming the postal service violated: (1) Title VII and 42 U.S.C. § 1981 by discharging him because of his race; (2) 5 U.S.C. § 7513(a) by discharging him without cause; and (3) section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, by failing reasonably to accommodate his mental handicap (paranoid psychoneurosis). Meadows abandoned his race claims on appeal.
 
 
 3
 This is a "mixed case" in which an adverse agency action appealable to the MSPB is coupled with a discrimination claim. See 5 U.S.C. § 7702(a)(1)(B)(iii) (1988); Romain v. Shear, 799 F.2d 1416, 1421 (9th Cir. 1986) (per curiam), cert. denied, 481 U.S. 1050 (1987). In mixed cases, the district court reviews the MSPB's decision based on the administrative record. See 5 U. S.C. § 7703(c) (1988); State of Minn., Dep't of Jobs & Training v. MSPB, 875 F.2d 179, 182 (8th Cir. 1989) (en banc); Romain, 799 F.2d at 1421. In contrast, the district court makes de novo findings on the discrimination claim. See 5 U.S.C. § 7703(c) (1988); Romain, 799 F.2d at 1421. On appeal, we apply the same standard as the district court when reviewing the MSPB's decision, giving no deference to the district court's judgment. State of Minn., Dep't of Jobs & Training, 875 F.2d at 182. We review the district court's findings on the discrimination claim for clear error. Gardner v. Morris, 752 F.2d 1271, 1281 (8th Cir. 1985) (reviewing district court's findings for clear error in 29 U.S.C. § 791 action).
 
 
 4
 Having carefully reviewed the administrative record, we cannot say the MSPB's decision that Meadows's discharge did not violate section 7513(a) was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 7703(c)(1) (1988); see State of Minn., Dep't of Jobs & Training, 875 F.2d at 182 (when MSPB has a reasonable basis for its decision, decision is within the MSPB's discretion). As for Meadows's discrimination claim, the district court found Meadows failed to show the medication he took for his mental handicap caused him to fall asleep on the job on October 7, 1987. This finding is not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); Gardner, 752 F.2d at 1281. Thus, Meadows did not meet his burden to prove he was "denied employment on the basis of his handicap." Gardner, 752 F.2d at 1279-80; see Arneson v. Heckler, 879 F.2d 393, 396 (8th Cir. 1989), on remand, No. 84-2552- C (3), 1990 WL 116658 (E.D. Mo. May 28, 1990), rev'd, 946 F.2d 90 (8th Cir. 1991).
 
 
 5
 Accordingly, we affirm.