19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ignacio A. NAVARRETE, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, Wilfred Wong; Milton Gee;
San Francisco Public Utilities, Defendants-Appellees.
 No. 93-15803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.**
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ignacio A. Navarrete appeals pro se the district court's summary judgment for the City and County of San Francisco ("City") in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. Navarrete contends that he was terminated from his job as an automotive mechanic for the City's Municipal Railway ("Muni") because he is Hispanic. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Once a plaintiff succeeds in establishing a prima facie case of discrimination, the burden shifts to the employer "to rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason' for the adverse action."[1] Fragante v. City and County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254), cert. denied, 494 U.S. 1081 (1990)). If the employer does so, then the burden shifts to the plaintiff to show that the stated reason is pretextual. Id. Although a plaintiff can raise a genuine issue of material fact regarding pretext with very little evidence of discriminatory motive, he "must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Lindahl, 930 F.2d at 1438. "The plaintiff cannot carry this burden simply by restating the prima facie case and expressing an intent to challenge the credibility of the employer's witnesses...." Id. at 1437-38.
 
 
 5
 In support of its motion for summary judgment, the City submitted a statement of undisputed facts that revealed that on December 2, 1990, Navarrete, while acting as the Muni yard supervisor, either committed or sanctioned numerous acts of misconduct. These included drinking alcohol on the job with a co-worker, using a Muni bus to push a trash bin around the Muni yard to the extent that both the bus and the trash bin were damaged, allowing a co-worker to drive his vehicle recklessly around the Muni shop, and bringing a prostitute into the shop for sexual favors.
 
 
 6
 Navarrete failed to submit any evidence in opposition to the City's summary judgment motion, and instead filed a declaration of Non-Opposition with the court. Given the City's uncontradicted evidence, the district court properly found that Navarrete was terminated for "legitimate, nondiscriminatory" reasons. See Fragante, 840 F.2d at 1419. Accordingly, the district court did not err by entering summary judgment for the City. See Tzung, 873 F.2d at 1339-40.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear from the district court's order whether the court found that Navarrete had established even a prima facie case of discrimination. We assume, without deciding, that the court did find that a prima facie case had been established
 
 
 [2]
 On appeal, Navarrete contends that the district court erred by granting summary judgment for the City because the City's witnesses were not credible. We do not generally review new contentions raised for the first time on appeal, see Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987). Accordingly, we will not disturb the district court's judgment on this basis
 Navarrete also contends that his attorney committed malpractice by filing the declaration of Non-Opposition. We note, however, that Navarrete's action for alleged malpractice lies against his attorney. See Jacobson v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).