21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Said MOBIN, Plaintiff-Appellant,
v.
Edward C. ALDRIDGE, Jr., Secretary, Department of the Air
Force, an Agency of the United States; Peter T. Kempf;
Everett L. Mabry; Carlos E. Rubio; Harry D. Goff; Stuart
D. Hartford; Steven G. Lavey, et al., Defendants-Appellees.
 No. 92-16761.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided April 11, 1994.
 
 1
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Said Mobin appeals the district court's order granting summary judgment in favor of defendant, the Secretary of the United States Air Force. Mobin also appeals various interlocutory orders.
 
 
 4
 Mobin is an Afghani and a member of the Moslem religion. His employment as a civilian electrical engineer at Nellis Air Force Base was terminated on November 13, 1987. He claims that he was fired because of his race, national origin, and religion, in violation of 42 U.S.C. Sec. 2000e et seq. ("Title VII"). He also characterizes his case as "mixed," in that he alleges he was terminated not for discriminatory reasons alone, but also in retaliation for his acts of disclosing incompetence and contract fraud on the government.
 
 
 5
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 DISCUSSION
 
 6
 Mobin's strongest contentions are that the district court erred in holding that Mobin (1) failed to plead a "mixed" case including his retaliatory firing claim, thus barring him from amending his complaint to include that claim, and (2) failed to make out a prima facie case of employment discrimination. Before reaching these issues, we first consider his other claims.
 
 
 7
 * Mobin's original complaint named as defendants not just the Secretary of the Air Force, but also various individuals (both civilians and service personnel) who had supervised or worked with Mobin at Nellis Air Force Base. Mobin's claims included conspiracy, discrimination, infringement of First Amendment rights, constitutional torts, torts under the Federal Tort Claims Act, 28 U.S.C. Sec. 2675, due process violations, and violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 215(a)(3), and the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(4). Despite the district court's pointed hints that most of these claims warranted dismissal, Order of Dec. 18, 1989, at 4-6, Mobin's amended complaint presented essentially the same legal theories. The district court then dismissed all of Mobin's claims except those brought under Title VII,[1] and held that the only proper defendant in this action was the Secretary of the Air Force, in his official capacity. Williams v. U.S. General Services Admin., 905 F.2d 308, 311 (9th Cir.1990). Finally, the district court construed Mobin's subsequent motion for leave to amend (and to bring his dismissed claims back into the lawsuit) as a motion for reconsideration, and denied it. See Order of May 2, 1991, at 1 ("plaintiff has provided no grounds for reconsideration that were not previously considered by the court").
 
 II
 
 8
 Mobin argues that the district court erred in denying his written and oral motions for leave to amend his complaint in order to present a "mixed case," in which he would allege both discriminatory and retaliatory motives for his termination. See Order of Aug. 26, 1991. We review for abuse of discretion. Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988).
 
 
 9
 A "mixed case" is one in which plaintiff brings both discrimination and nondiscrimination claims against a federal employer. Romain v. Shear, 799 F.2d 1416, 1421 (9th Cir.1986), cert. denied, 107 S.Ct. 2183. Mobin raised both discrimination and retaliation claims before the MSPB, and was denied relief. To the MSPB's written disposition were appended instructions to Mobin, informing him that he could appeal the discrimination claims to the EEOC, nondiscrimination claims to the Federal Circuit Court of Appeals, or "mixed case" claims to the federal district court. He was advised he had thirty days to appeal. Mobin v. Dept. of Air Force, MSPB No. DE04328810080, at 17-19 (Apr. 5, 1988). These instructions were fully in accord with 5 U.S.C. Sec. 7703, and with the procedure contemplated in Romain. See Romain, 799 F.2d at 1421 ("[w]here a claim of discrimination is coupled with a nondiscrimination claim ... the entire 'mixed case' is filed in the district court"). Mobin chose to appeal the MSPB's decision to the EEOC. However, he did not drop his nondiscrimination claims, but rather asked the EEOC to resolve them. This it refused to do. Mobin v. Aldridge, Petition No. 03880159, at 6 (Dec. 13, 1988).
 
 
 10
 After an unfavorable decision from the EEOC on his discrimination claims, Mobin filed a complaint in federal district court. Neither Mobin's first nor his amended complaint mentions the MSPB or its decisions concerning Mobin's whistleblowing claim.[2] Nor do the complaints cite the proper jurisdictional provision for review of MSPB decisions, 5 U.S.C. Sec. 7703.[3] Mobin's complaints suggest only an intent to argue his retaliation claims as violations of the NLRA and the FLSA; this is not adequate to appeal the MSPB's decision.
 
 
 11
 Mobin argues that even if his original and amended complaints failed to give notice that he was appealing the MSPB's decision denying his nondiscrimination claims, the district court should have granted his motion to amend his complaint to include those claims. The Secretary correctly points out that a district court does not abuse its discretion in denying leave to amend if the claim to be amended is futile or time-barred. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.1990); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir.1989).
 
 
 12
 Mobin, having improperly appealed his mixed claims to the EEOC, and having thus failed to appeal them timely to the proper forum, lost his opportunity to appeal his nondiscrimination claims to the district court. His appeal of the MSPB's decision concerning his discrimination claims was timely, however, since they were properly taken to the EEOC first. When Mobin sought leave to pursue his nondiscrimination claims in district court, no tribunal had had the statutory authority to assume jurisdiction over them for over three and one-half years. The district court therefore did not abuse its discretion in denying Mobin's motion for leave to add these barred claims.[4]
 
 III.
 
 13
 On cross-motions for summary judgment, the district court held that Mobin had failed to establish a genuine issue of fact which, if decided in his favor at trial, would entitle him to relief. Order of August 24, 1992.[5] We review summary judgment orders de novo. Federal Deposit Insurance Corp. v. O'Melveny and Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 14
 Mobin has established that he is of Afghani origin, and of the Moslem religion. He has also established that he was terminated. To make out a prima facie case under Title VII, he additionally must show that the termination took place under circumstances that give rise to an inference of unlawful discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981); Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden of establishing a prima facie case is not onerous. The decision to terminate Mobin almost immediately after his arrival at Nellis AFB, despite his prior satisfactory employment record, is a circumstance adequate to make out Mobin's prima facie case in that it can give rise to an inference of discrimination. The question is then whether the Secretary has adduced evidence to rebut the presumption of discrimination created by the prima facie case. Burdine, 450 U.S. at 254. If such evidence is tendered, Mobin must show that it is pretextual or sufficiently in dispute that summary judgment would not be appropriate. Id. at 256.
 
 
 15
 The Secretary has provided evidence that there were legitimate, nondiscriminatory reasons for firing Mobin. Mobin had been notified he was not performing well, and had been given a "PIP" period in which to improve. At least four complaints were lodged against him during the PIP or within the one or two months before and after it. Although he had received good evaluations in previous jobs, he had not received one at Nellis AFB. To avoid summary judgment, Mobin must show that there is a triable issue of fact as to whether these proffered reasons for his termination are pretextual.
 
 
 16
 First, Mobin attempts to show the poor performance appraisals he received at Nellis AFB were undeserved. The MSPB and EEOC found that at least two valid complaints[6] had been made against Mobin during his PIP, and thus--because receipt of more than one complaint during the PIP constitutes grounds for termination--that he had been fired legitimately. Reviewing these complaints de novo, we too find that Mobin has failed to produce evidence sufficient to rebut them. Both complaints assert that Mobin failed to keep deadlines, that he listened poorly to clients, and that he did not do necessary work and did do unnecessary work. Rather than adducing any evidence to contest the substance of these complaints, Mobin alleges that his superiors solicited the complaints and "virtually ordered" them to be written. Appellant's Opening Brief, at 39. The statements of Wells and Mullins, however, make clear that their complaints were "solicited" only in the sense that they were asked, once having made them orally, to set them down in writing for the record.
 
 
 17
 Second, Mobin attempts to show that persons similarly situated but of nonminority status have been treated differently than he. However, the only evidence possibly helpful to him in this regard is Goff's statement, in answer to interrogatories in a different case, that four out of the seven persons Goff was asked to fire over a three-year period were of ethnic or religious minority groups (including Mobin and counting "Jewish-looking" as a minority characteristic). However, we are unable to assess the significance of Goff's statement because Mobin has not provided supporting evidence which would put it in context.[7] We also note that the person most similarly situated to Mobin, Ramathan, was rated very highly by Mobin's superiors and was not discharged, although he is, like Mobin, an ethnic and religious minority.
 
 
 18
 Finally, Mobin seeks to rebut the Secretary's proffered reasons for firing him by providing direct evidence of discrimination. In six years of litigation, the only direct evidence Mobin has presented is Goff's admission, in a different case, that he said in Mobin's presence that "Egyptian officers spend too much time from their work day for their prayers." Goff does not say, and Mobin does not allege, that Goff knew Mobin was a Moslem or mistakenly thought him to be an Egyptian. Mobin is an Afghani, not an Egyptian. We find it difficult to read a prejudice against Afghanis into Goff's remark, especially in light of the rest of his affidavit. Moreover, we note that it was Goff who refused his superiors' orders to terminate Mobin immediately, and instead worked with him over a period of weeks to improve his performance. In sum, while Goff's statement might be a scintilla of evidence in support of Mobin's discrimination claim, it is not, standing alone, a sufficient basis upon which a jury could impose liability. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).[8]
 
 
 19
 Mobin has not succeeded in creating a triable issue of fact as to whether the Secretary's reasons for firing him were pretextual. The district court was therefore correct in denying his summary judgment motion, and granting summary judgment in favor of the Secretary.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Brown v. General Services Admin., 425 U.S. 820, 835 (1976) ( 42 U.S.C. Sec. 2000e-16 is exclusive remedy for federal employees' complaints of job-related discrimination). The district court also found that Mobin had failed to raise his tort claims in an administrative proceeding, which is a prerequisite for suits in federal district court, 28 U.S.C. Sec. 2675(a), and held that the FLSA and NLRA claims, which Mobin apparently brought instead of appealing the Merit System Protection Board's decision on his retaliatory firing claims, failed because those statutes were facially inapplicable to his factual situation. See Order of February 20, 1991, at 3-4
 
 
 [2]
 5 U.S.C. Sec. 7703(a)(2) mandates that "[t]he Board shall be the named respondent" in any civil action for review of its decisions
 
 
 [3]
 Mobin's citation to 5 U.S.C. Sec. 7701, and his vague allegations of arbitrary and capricious agency action, are not sufficient to give notice of an intention to appeal the MSPB's decision
 
 
 [4]
 Similarly, because the district court did not err in denying Mobin's motion for leave to add an appeal of the MSPB's decision concerning his nondiscrimination claims, it necessarily did not err in denying his motion for production of the MSPB administrative record in respect to those claims
 
 
 [5]
 The district court did not abuse its discretion in refusing to grant Mobin's requested continuance of the final hearing prior to summary judgment. Mobin does not describe any specific facts or legal theories which failed to come to light because of the district court's decision. Indeed, having reviewed the transcript, we find that the attorney who represented Mobin at the hearing, Kurt Anderson, did a noticeably better job--even with limited preparation time--than had Mobin's former lawyer, Jeffrey Samuels. See Transcript of Hearing, Aug. 21, 1992, at 11-21
 
 
 [6]
 Specifically, those concerning his performance on the "Building 885" and "Tennis Courts" projects. The complainants were OSI Sergeant Mullins and USAF Captain Wells, respectively
 
 
 [7]
 For instance, Mobin has provided no information as to the relative percentage of ethnic, national, or religious minorities in the job classifications to which the four discharged minorities belonged. Nor has he provided any evidence showing whether these four persons were performing satisfactorily
 
 
 [8]
 Goff's statements that Mobin's discharge was "predetermined" before Mobin ever arrived at Nellis AFB are similarly insufficient bases from which to infer discriminatory intent. Goff--who was openly critical of the superior officers who ordered him to fire Mobin, and who might be expected to present any inculpatory evidence against them--never suggests that their desire to discharge Mobin was based on Mobin's race, religion, or national origin