**CREATIVE COMMUNICATIONS, INC., a Nevada corporation, Plaintiff-counter-defendant,**

v.

**CLEAN AIR TECHNOLOGIES, INC., a Delaware corporation; Charles Baugh, individually and in his capacity as the acting CEO and Director of Clean Air Technologies, Inc., Third-party-defendant-counter-claimants,**

and

**William R. Simmons, individually and in his capacity as an officer and director of Clean Air Technologies, Inc., Third-party-defendant-counter-claimant—Appellant,**

**John Breeden, Defendant–3rd–party–plaintiff–counter–defendant— Appellee.**

No. 03–16956.

D.C. No. CV–98–01021–ACK.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

538

Submitted May 10, 2005.*

Decided May 13, 2005.

Gary W. Vancil, Van Pernis Smith & Vancil, Kailua-Kona, HI, for Plaintiff-counter-defendant and Third-party-defendant-counter-claimants.

Robert D. Triantos, Carlsmith Ball, Kailua-Kona, HI, for Third-party-defendant-counter-claimants.

Elmer Dean Martin, III, Diamond Bar, CA, Norman J. Kreisman, Law Office of Norman J. Kreisman, Los Angeles, CA, for Third-party-defendant-counter-claimant—Appellant.

Mathew P. Lewis, White & Case, LLP, Los Angeles, CA, Usha K. Kotner, Jung & Vassar, P.C., Kailua-Kona, HI, for Defendant–3rd–party–plaintiff–counter–defendant—Appellee.

Before D.W. NELSON, KOZINSKI, and CALLAHAN, Circuit Judges.

MEMORANDUM**

We decline to strike Simmons's opening brief for its failure to conform to the Federal Rules of Appellate Procedure and our Circuit Rules, although the numerous violations come close to warranting dismissal. 9th Cir. R. 28–1(a). We also refuse to entertain the issues Simmons raises for the first time on appeal. *Romain v. Shear,* 799 F.2d 1416, 1419 (9th Cir.1986) (per curiam).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

The district court correctly concluded that the arbitrator's award resulted from a direct action, not a shareholder liability action, and therefore was not based on a manifest disregard of law. *Coutee v. Barington Capital Group, L.P.,* 336 F.3d 1128, 1132 (9th Cir.2003). The district court correctly rejected Simmons's claim that Breeden's direct action claims were time-barred.

We deny Simmons's request for judicial notice because the information is neither generally known nor capable of easy verification by unquestionable sources. Fed. R.Evid. 201.

**AFFIRMED. REQUEST FOR JUDICIAL NOTICE DENIED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

