**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN BISHOP, | No. 10-17383 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00726-RLH-GWF |
| v. | |
| PATRICK R. DONAHOE[*], Postmaster General, USPS; et al., | MEMORANDUM[**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted April 17, 2012[***]

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

Kevin Bishop appeals pro se from the district court's judgment in his

employment action alleging, among other things, discrimination, harassment, and

---

[*] Patrick R. Donahoe has been substituted for his predecessor, John E. Potter, as Postmaster General under Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004) (summary judgment); *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001) (dismissals under Fed. R. Civ. P. 12(b)(1) and (6)). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Bishop's age discrimination claim because Bishop failed to raise a genuine dispute of material fact as to whether he was replaced by a substantially younger employee or discharged under circumstances otherwise giving rise to an inference of age discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008) (elements of a prima facie case of age discrimination); *see also Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245-46 (9th Cir. 2010) (co-workers' statements concerning employment decisions were inadmissible hearsay because co-workers had no involvement in the decisions).

The district court properly granted summary judgment on Bishop's reverse religious discrimination claim because Bishop failed to raise a genuine dispute of material fact as to whether similarly situated individuals who were Mormon were treated more favorably. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168-69 (9th

2

Cir. 2007) (elements of a prima facie case of reverse religious discrimination); *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (order) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact . . . ."); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

The district court properly granted summary judgment on Bishop's harassment claim because Bishop failed to raise a triable dispute as to whether the alleged conduct was because of his age or religion or sufficiently severe or pervasive to alter the conditions of his employment. *See Vasquez*, 349 F.3d at 642 (describing the requirements for a harassment claim).

The district court properly granted summary judgment on Bishop's retaliation claim because Bishop failed to raise a triable dispute as to whether he engaged in a protected activity before his discharge. *See id.* at 646 (elements of a prima facie case of retaliation); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (no causal link if decisionmaker is unaware of the protected activity).

The district court properly dismissed Bishop's conspiracy claim because Bishop failed to allege facts sufficient to show that the appellees conspired to violate his civil rights. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30

(9th Cir. 2004) (describing pleading requirements for a 42 U.S.C. § 1985 claim and explaining that there can be no conspiracy without an underlying rights violation).

The district court properly dismissed Bishop's remaining claims because the district court lacked subject matter jurisdiction over them, or Bishop failed to state a cognizable claim. *See Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and federal officials acting within their official capacities."); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (per curiam) (the proper defendant in a Title VII or ADEA action brought by a federal employee is the head of the employee's department, agency, or unit); *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h).").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Bishop's remaining contentions, including those concerning the district court's alleged failure to review his opposition papers in their entirety, are unpersuasive.

**AFFIRMED.**

10-17383