**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARRY D. TALLACUS,

            Plaintiff - Appellant,

  v.

KATHLEEN SEBELIUS, Secretary,
Department of Health and Human
Services,

            Defendant - Appellee.

No. 12-35046

D.C. No. 3:08-cv-00591-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted May 10, 2013
Portland, Oregon

Before: KOZINSKI, Chief Judge, and BERZON and HURWITZ, Circuit Judges.

    Larry D. Tallacus appeals from a judgment entered against him after a jury

trial and an order denying his motion for a new trial. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

**1.** Tallacus had the burden of demonstrating that the district court had jurisdiction over his breach of contract claim. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). He did not do so.

Little Tucker Act jurisdiction in a federal district court requires a claim against the Government of contract-based damages not exceeding $10,000. *See* 28 U.S.C. § 1346(a)(2). The complaint did not allege that Tallacus had incurred any legally cognizable damages for the agency's alleged breach of a settlement agreement. Nor did Tallacus seek to amend his complaint to allege damages. To the degree the complaint can be read as alleging damages to be incurred in the future, and without deciding whether such an allegation is sufficient, the complaint does not state that any such damages would be for $10,000 or less, or waive any damages over $10,000. *See United States v. Park Place Assocs.*, 563 F.3d 907, 928 (9th Cir. 2009).

**2.** Substantial evidence supported the conclusion of the Merit Systems Protection Board that Tallacus's responsibilities under his former position "were insufficient to justify a fulltime [position]." *See* 5 U.S.C. § 7703(c); *Romain v. Shear*, 799 F.2d 1416, 1421 (9th Cir. 1986) (per curiam). Under our deferential standard of review, *see Romain*, 799 F.2d at 1421, we affirm that conclusion.

**3.** Tallacus has not met his burden of establishing prejudice from the district court's exclusion of evidence concerning his reassignment to his former position. Because the jury could have inferred without those exhibits that the agency implicitly admitted some mistake in undoing the prior reduction in force (RIF), it was not "more probabl[e] than not" that exclusion of the exhibits at issue "tainted the [jury's] verdict." *See Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1009 (9th Cir. 2007).

**4.** Nor has Tallacus demonstrated prejudice from the admission of testimony about RIFs in Alaska. The witness told the jury not only how she carried out RIFs generally, but also how she carried out Tallacus's RIF in Portland.

**5.** Tallacus did not object to the jury instruction about which he now complains. We therefore review only for plain error. Fed. R. Civ. P. 51(d)(2). There was none; the challenged portion of the instruction accurately stated the scope of the claims before the jury.

**6.** Because "the jury's verdict was [not] against the clear weight of the evidence," the district court did not abuse its discretion in denying Tallacus's Rule 59 motion for a new trial. *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009) (internal quotation marks omitted). A reasonable jury could credit the agency's reasons for eliminating Tallacus's position, and could also rely

3

on the agency's evidence of budget shortfalls and insufficient workload as refuting any inference of a discriminatory motive.

**AFFIRMED**.