**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 1 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JAMES McDERMOTT, | No. 14-35022 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02042-MJP |
| v. | |
| PENNY PRITZKER,* Secretary of Commerce; et al., | MEMORANDUM** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted May 24, 2016***

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Michael James McDermott appeals pro se from the district court's summary

judgment in his employment discrimination action. We have jurisdiction under 28

---

\*      Penny Pritzker has been substituted for her predecessor, Rebecca Blanks, as Secretary of Commerce under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. Accordingly, McDermott's request for oral argument, set forth in his opening brief, is denied. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm.

The district court properly dismissed McDermott's *Bivens* claim because "the [Civil Service Reform Act] preempts *Bivens* actions and other suits for constitutional violations arising from governmental personnel actions." *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999).

The district court properly dismissed McDermott's retaliation claim under the Occupational Safety and Health Act ("OSHA") because McDermott never alleged that any adverse action was taken against him on the basis of a safety complaint. *See* 29 C.F.R. § 1977.12 (noting that OSHA "protects employees from discrimination occurring because of the exercise of any right afforded by this Act.").

The district court properly dismissed McDermott's Title VII claims against defendants other than the Secretary of Commerce because the only appropriate defendant in a Title VII action brought by a federal employee is the head of the department or agency in his or her official capacity. *See Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (interpreting 42 U.S.C. § 2000e-16).

The district court properly granted summary judgment on McDermott's Title

14-35022

VII disparate treatment claim because McDermott failed to raise a genuine dispute of material fact as to whether a similarly situated individual outside of his protected class was treated more favorably. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (setting forth elements).

The district court properly granted summary judgment on McDermott's Title VII retaliation claim because defendants articulated legitimate, nondiscriminatory reasons for termination, and McDermott failed to raise a genuine dispute of material fact as to whether these reasons were pretextual. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1035 (9th Cir. 2006) (setting forth elements and analysis).

The district court properly granted summary judgment on McDermott's Title VII hostile work environment claim because McDermott failed to raise a genuine dispute of material fact as to whether he was subjected to harassment on account of his sex, or that any harassment was sufficiently severe and pervasive to create an objectively hostile work environment. *See Dawson v. Entek Int'l*, 630 F.3d 928, 937-38 (9th Cir. 2011) (setting forth elements).

The district court did not abuse its discretion by declining to exercise jurisdiction over McDermott's declaratory judgment claim. *See Principal Life Ins.*

14-35022

*Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (setting forth factors guiding district court's exercise of discretion).

**AFFIRMED.**