Nancy **McGRAW, individually and as the Personal Representative of the Estate of Kenneth Place, Plaintiff-Appellant,**

**and**

**Kenneth Place, Estate of, Plaintiff,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 00-35514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Filed Feb. 25, 2002.

Amended Aug. 7, 2002.

Larry Zinn, San Antonio, TX, for the plaintiff-appellant.

Eugene A. Studer, Assistant United States Attorney, United States Attorney's

---

Office, Tacoma, WA, for the defendant-appellee.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge.

## ORDER

The opinion filed February 25, 2002, and published at 281 F.3d 997, is amended as follows:

1. At page 3023, line 8 of the slip opinion, insert the following as footnote 1, after the period that appears after "1079":

*Augustine's* accrual rule for FTCA actions brought under a failure-to-disclose theory has been cited approvingly by several of our sister circuits. *See, e.g., Hughes v. United States,* 263 F.3d 272, 276–77 (3d Cir.2001); *McDonald v. United States,* 843 F.2d 247, 249 (6th Cir.1988); *Wehrman v. United States,* 830 F.2d 1480, 1484 (8th Cir.1987); *Nicolazzo v. United States,* 786 F.2d 454, 457 (1st Cir.1986); *Green v. United States,* 765 F.2d 105, 108–09 (7th Cir. 1985).

2. Change current footnote 1 to footnote 2.

3. At page 3024, line 19 of the slip opinion, insert the following as footnote 3, after the period that appears after "future":

The cases cited by the government to suggest that our holding creates a conflict among the circuits are not to the contrary. *Sexton v. United States,* 832 F.2d 629 (D.C.Cir.1987), concerned individuals who alleged that their son's leukemia had been treated improperly by government doctors. *Id.* at 630–32. There was no issue, however (as there was in both *Augustine* and the present action), about whether the harm resulted from the failure to diagnose or treat a pre-existing condition that transmorphed into a more grievous injury. Similarly, *Arvayo v. United States,* 766 F.2d 1416 (10th Cir.1985) did not concern an undiagnosed or mistreated pre-existing condition; there, the parents of the decedent knew that their son's diagnosis had been changed, *id.* at 1418, and therefore they had all of the information necessary to prepare an administrative claim. Additionally, the Sixth Circuit's decisions in *Garrett v. United States,* 640 F.2d 24, 25 (6th Cir.1981), and *Kington v. United States,* 396 F.2d 9, 10 (6th Cir.1968), are similarly distinguishable; neither concerned a pre-existing condition that evolved into a more serious one.

4. Change current footnote 2 to footnote 4.

With these amendments, the panel has voted to DENY the Petition for Rehearing and Petition for Rehearing En Banc.

The full court has been advised of the Petition for Rehearing En Banc, and no judge of the court has requested a vote on the petition. Consequently, the Petition for Rehearing En Banc is DENIED.

In accordance with this Court's General Orders, no further petitions for rehearing may be filed.