Susan BAKER, individually and as surviving mother of Sarah Baker, deceased; Jesse Bishop, individually, Plaintiffs—Appellants,

v.

SAN CARLOS IRRIGATION PROJECT DISTRICT, an agency/subsidiary of the Bureau of Indian Affairs, a division of the Department of Interior, United States Federal Government, Defendant—Appellee.

No. 02–15086.

D.C. No. CV–00–02380–SRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided Feb. 21, 2003.

Before NOONAN, THOMAS and CLIFTON, Circuit Judges.

MEMORANDUM*

Plaintiffs appeal the district court's grant of defendant's motion to dismiss their negligence claim under the Federal Tort Claims Act ("FTCA") for lack of sub-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ject matter jurisdiction. The facts and proceedings are familiar to the parties.

A determination of whether the discretionary function exception to the FTCA applies is reviewed de novo. *See McGraw v. United States,* 281 F.3d 997, 1001 (9th Cir.2002), *amended by* 298 F.3d 754 (9th Cir.2002). The court's factual findings relevant to its determination of subject matter jurisdiction are reviewed for clear error. *See United States v. Peninsula Communications, Inc.,* 287 F.3d 832, 836 (9th Cir.2002). All uncontroverted factual assertions regarding jurisdiction are taken as true, while all contested assertions must be construed in favor of the plaintiff. *See McGraw,* 281 F.3d at 1001.

To consider whether the action taken by the San Carlos Irrigation Project District—or not taken, as is the case here—is a matter of choice, the court must look to the regulations governing Native American electric power utilities, 25 C.F.R. Part 175 §§ 175.1 to 175.62 (1997). These regulations state that a utility shall "[c]onstruct and operate facilities in accordance with accepted industry practice." 25 C.F.R. § 175.24(b). Although "accepted industry practice" is not defined in the regulations, § 175.24(b) places a specific, mandatory obligation on the government. The definition of accepted industry practice can be easily ascertained by the district court.

Plaintiffs have submitted an affidavit from engineer Robert E. Witter that the accepted industry practice requires "plac[ing] warning markers at the site of any aircraft strike." The government, which bears the burden of proof that the discretionary function applies, has neither disputed this affidavit nor offered any evidence at all. As all uncontroverted factual assertions regarding jurisdiction must be taken as true, the district court must assume, on the current record, that accepted industry practice is as plaintiffs maintain. The application of the discretionary function exception at this stage is unwarranted.

As the government failed to meet its burden under 12(b)(1), the district court's determination that it lacked subject matter jurisdiction was erroneous. The grant of defendant's motion to dismiss is RE-VERSED and REMANDED to the district court for further proceedings.