We reject the remaining contentions as lacking merit.

**AFFIRMED.**

ASSOCIATION OF PROPERTY OWNERS/RESIDENTS OF PORT MADISON (APORPMA), a non-profit corporation organized and existing under the laws of Washington; Thomas Stoesser; Craig Curtis; Harold Ecklund; Robert Hibbard; Virginia Whiteley; William H. Whitely; Julia Smith; John Brynildson; Virginia Caley; Roger Sherman, individually and as owners in fee of lands within the historic but now diminished or extinguished Port Madison Reservation, Plaintiffs—Appellants,

and

Tim Piecuch; Perry Mann, individually
and as owners in fee of lands within
the historic but now diminished or
extinguished Port Madison Reserva-
tion, Plaintiffs,

v.

INDIVIDUAL COUNCIL MEMBERS
OF THE SUQUAMISH TRIBAL
COUNCIL, as constituted pursuant to
the Indian Reorganization Act; Unit-
ed States of America, purporting to
act as Trustee and Guardian; United
States Department of the Interior,
acting through the Secretary of the
Interior; Bureau of Indians Affairs,
U.S. Department of Interior; United
States Environmental Protection
Agency; U.S. Department of Housing
and Urban Development, Defen-
dants—Appellees.

No. 02–35522.
D.C. No. CV–01–05317–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Sept. 9, 2003.

Dennis D. Reynolds, Esq., Chuck Mad-
uell, Esq., Davis Wright Tremaine LLP,
Seattle, WA, for Plaintiff-Appellant.

Michelle Hansen, Esq., Office of Tribal
Attorney, Suquamish, WA, Steven E.
Miskinis, Esq., Maureen E. Rudolph, Esq.,
U.S. Department of Justice, Washington,
DC, Brian C. Kipnis, Esq., USSE–Office of
The U.S. Attorney, Seattle, WA, for De-
fendant-Appellee.

Before BROWNING, ALARCON, and
CLIFTON, Circuit Judges.

## MEMORANDUM *

The Plaintiffs–Appellants appeal the district court's judgment dismissing the action and denying reconsideration. The district court held that Article III standing had not been established. We consider de novo a district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *McGraw v. United States,* 281 F.3d 997, 1001 (9th Cir.2002), *as amended,* 298 F.3d 754 (9th Cir.2002).

To establish standing, APORPMA must meet three requirements. First, APORPMA "must show that [they have] suffered an 'injury-in-fact' to a legally-protected interest that is both 'concrete and particularized' and 'actual and imminent,' as opposed to 'conjectural' or 'hypothetical.'" *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1152 (9th Cir.2000) (citation omitted). Second, APORPMA "must show a causal connection between the injury and the conduct complained of." *Id.* at 1153. Third, APORPMA must show that it is "'likely'-not merely speculative-that [their] injury will be 'redressed by a favorable decision.'" *Id.* (citation omitted).

■ APORPMA has cited a number of incidents in which they allege the Suquamish tribe has unlawfully exercised jurisdiction over them. This showing of past enforcement consists of three traffic citations since 1982, a consensual search conducted by Tribal police and County authorities, and a stop work order issued by the County. While these events demonstrate that the Tribe has exercised its jurisdiction to a minimal degree, APORPMA's allegations do not establish a "sufficiently imminent threat of injury" to create a case or controversy. *Mayfield v. Dalton,* 109 F.3d 1423, 1425 (9th Cir.1997).

■ APORPMA also alleges that they will be injured by sewage and traffic problems resulting from the proposed Angeline housing development. However, there is no evidence that APORPMA faces any actual and imminent injury. Any threat of injury is at best remote and speculative, and courts "have repeatedly found a lack of standing where the litigant's claim relies upon a chain of speculative contingencies." *Lee v. Oregon,* 107 F.3d 1382, 1389 (9th Cir.1997) (internal quotation marks and citation omitted).

■ APORPMA alleges that non-Indians residing on Tribal lands face a constant threat of enforcement of Tribal laws or exercise of Tribal jurisdiction. *Appellants' Opening Brief* at 22–23. However, "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir.2000)(en banc).

In short, APORPMA has not presented a case or controversy sufficient to warrant consideration of the issues presented. The district court's dismissal for lack of subject matter jurisdiction is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.