**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL WAYNE EGGERS, | No. 08-56257 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00986-JSL-AGR |
| v. | |
| UNITED STATES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Submitted February 16, 2010[**]

Before:   FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

   Michael Wayne Eggers, an Alabama state prisoner, appeals pro se from the

district court's judgment dismissing his action alleging violations under 42 U.S.C.

§ 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tk/Research

U.S. 388 (1971), and the Federal Tort Claims Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Eggers's section 1983 and *Bivens* claims as time-barred. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (explaining that the statute of limitations begins to run when the plaintiff has a complete and present cause of action); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (applying California's former one-year personal injury statute of limitations to section 1983 claims that were more than one-year old as of January 1, 2003); *Van Strum v. Lawn*, 940 F.2d 406, 409-10 (9th Cir. 1991) (holding that the statutes of limitation for *Bivens* and section 1983 actions are the same); *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (describing three conditions required to equitably toll a statute of limitations under California law).

The district court properly determined that it lacked jurisdiction over the tort claims because Eggers did not allege that he filed an administrative claim within two years after his claims accrued. *See* 28 U.S.C. § 2401(b) (providing that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir. 2002) (stating

that the two-year limitation in § 2401(b) is a "threshold jurisdictional requirement"), *amended on denial of reh'g*, 298 F.3d 754 (9th Cir. 2002); *see also Marley v. United States*, 567 F.3d 1030, 1037 (9th Cir. 2009) (explaining that the timing requirement contained in § 2401(b) is subject neither to estoppel principles nor to equitable considerations), *cert. denied*, 175 L. Ed. 2d 559 (2009).

The district court did not abuse its discretion by denying Eggers leave to amend his complaint because further amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000).

The district court did not abuse its discretion by denying Eggers's request for appointment of counsel because the case did not present exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Eggers's remaining contentions are unpersuasive.

Eggers's "motion for briefing schedule/case disposition information" is denied as moot.

**AFFIRMED.**