**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL BURNELL MARLEY, individually,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

No. 06-36003

D.C. No.
CV-06-00366-RSL

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted
May 8, 2008—Seattle, Washington

Filed December 8, 2008
Amended June 1, 2009

Before: Susan P. Graber and Johnnie B. Rawlinson,
Circuit Judges, and Otis D. Wright II,* District Judge.

Opinion by Judge Graber

*The Honorable Otis D. Wright II, United States District Judge for the
Central District of California, sitting by designation.

**COUNSEL**

Michael B. King, Talmadge Law Group PLLC, Tukwila, Washington; and Ann R. Deutscher, Wiener & Lambka, PS, Renton, Washington, for the plaintiff-appellant.

Brian C. Kipnis, Assistant United States Attorney, Seattle, Washington; and Philip H. Lynch and Darwin Roberts, Assistant United States Attorneys, Tacoma, Washington, for the defendant-appellee.

---

**ORDER**

The opinion filed December 8, 2008, slip op. at 16067, 548 F.3d 1286, is replaced by the amended opinion filed concurrently with this order. With these amendments, Judges Graber and Rawlinson have voted to deny the petition for rehearing en banc, and Judge Wright has so recommended.

The full court was advised of the petition for rehearing en banc. A judge of the court called for a vote on whether to rehear the matter en banc. On such vote, a majority of the nonrecused active judges failed to vote in favor of en banc rehearing. Fed. R. App. P. 35.

The petition for rehearing en banc is DENIED. No further petitions for rehearing or for rehearing en banc will be entertained.

---

**OPINION**

GRABER, Circuit Judge:

We must decide whether the statute of limitations in § 2401(b) of the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2401(b), is jurisdictional and, in turn, whether courts can employ the doctrines of equitable estoppel or equitable tolling to extend the limitations period. We hold that the statute of limitations in 28 U.S.C. § 2401(b) is jurisdictional and, consequently, that equitable doctrines that otherwise could excuse a claimant's untimely filing do not apply. Accordingly, we affirm the district court's judgment, which dismissed this action.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Michael Burnell Marley received treatment for prostate cancer at the Puget Sound Healthcare System Hospital. He alleges that he experienced complications resulting in physical injury. In February 2004, he filed an administrative tort claim with the Department of Veterans Affairs.

On October 22, 2004, the Department of Veterans Affairs sent Plaintiff a notice of final denial of his tort claim. The letter, addressed to Plaintiff's lawyer at the time, stated that Plaintiff could file suit against the United States under the FTCA. The notice informed Plaintiff's lawyer that any action "must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter," that is, within six months of October 22, 2004.

In March 2005, within that six-month period, Plaintiff hired new lawyers and filed a timely complaint for damages against the United States. On December 16, 2005, Plaintiff's new lawyers moved for leave to withdraw from representing Plaintiff. The motion provided no reason for the request.[1] The district court granted the motion on January 3, 2006, and gave Plaintiff "notice that he [was] responsible for pursuing [the] action in accordance with the Order Setting Trial Date and Related Dates."

---

[1]Plaintiff's opening brief asserts that his lawyers withdrew "because they had been unable to locate an expert witness."

On January 27, 2006, long after the six-month limitations period had passed, an Assistant United States Attorney ("AUSA") sent a letter to Plaintiff, stating in part:

> I was told by the staff in our Tacoma office that you might be interested in dismissing your case. In case that's still true, I've taken the liberty of drafting a "Stipulation" (enclosed) that would do that. If you're not familiar with the legal terms involved, and in case you don't want to consult another lawyer (which is entirely your right), I'll briefly state my opinion as to what they mean.

> . . . This stipulation provides that your case would be dismissed "without prejudice." That means you could (in theory) bring it again at a later date. The other option would be dismissing "with prejudice," which would mean you could not bring it again. But please be aware that even if you dismiss now "without prejudice," there may be other factors, such as statutes of limitations, that could limit or bar your ability to bring this case again.

Plaintiff did not respond to that letter. On February 14, 2006, the AUSA sent a follow-up letter to Plaintiff, stating in part:

> I have not heard from you since I sent that letter. I'm writing again because there are deadlines approaching in your case. For example, expert reports are due to be disclosed by April 10, 2006. If you intend to keep litigating your case, I would appreciate it if you could please let me know, so that I can work on it and meet my side of the deadlines. But if you do want to dismiss it, please send me the stipulation and I will go ahead and file it for you.

Plaintiff then signed the stipulation and returned it in the self-addressed, stamped envelope that the AUSA had pro-

vided. On February 22, 2006, the Stipulation and a Proposed Order dismissing the action were filed with the court. On February 27, 2006, the court dismissed the action "without prejudice."

On March 15, 2006, sixteen days after dismissal of the first action, Plaintiff—once again represented by the lawyers who had filed the first complaint—filed a second action against the United States, which was essentially identical to the first one. The United States filed an answer and a motion to dismiss for failure to meet the six-month deadline prescribed by 28 U.S.C. § 2401(b).

In considering the government's motion, the district court examined documents outside the pleadings and, accordingly, construed the motion as one for summary judgment. According to the court, Plaintiff raised no factual disputes. Turning to the legal issues, the court ruled that Plaintiff could not establish equitable estoppel because he was not ignorant of the six-month time limit and because he could not demonstrate affirmative misconduct by the government. The court rejected Plaintiff's equitable tolling argument on the ground that he was not excusably ignorant of the six-month limitations period.

Plaintiff timely appealed from the resulting judgment, which dismissed the second action as untimely.

### DISCUSSION[2]

The FTCA provides that

> every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

---

[2]We review de novo a grant of summary judgment. *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006).

The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a). The statute goes on to state, as relevant here:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."

*Id.* § 2401(b).

Plaintiff filed his first action within six months of the mailing date on the notice of final denial from the Department of Veterans Affairs. But Plaintiff voluntarily dismissed that action. Plaintiff recognizes that, by the time he filed the second action, the six-month period had run. He argues, though, that the January 27, 2006, letter misled him into thinking that he would be able to file suit on the same claim if the action were dismissed "without prejudice." Thus, he maintains, either equitable estoppel or equitable tolling should save his suit from dismissal.

As a threshold matter, we must decide whether we have jurisdiction over a claim that does not meet the deadlines contained in § 2401(b). *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (stating that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction). We conclude that we do not have jurisdiction and, therefore, cannot apply the doctrines of equitable estoppel or equitable tolling that might otherwise allow Plaintiff's case to proceed.

Unless Congress enacts legislation that subjects the federal government to tort liability, the United States, as sovereign, cannot be sued. *United States v. Dalm*, 494 U.S. 596, 610 (1990); *Minnesota v. United States,* 305 U.S. 382, 388 (1939). The FTCA is a limited waiver of the federal government's historical immunity from tort liability. *Molzof v. United States*, 502 U.S. 301, 305 (1992); *United States v. Orleans*, 425 U.S. 807, 813 (1976).

**[1]** The FTCA's statute of limitations is a condition of the federal government's waiver of sovereign immunity. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) ("[T]he [FTCA] waives the immunity of the United States and . . . in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended."). "[W]hen Congress attaches conditions to legislation waiving sovereign immunity of the United States, those conditions must be 'strictly observed.' " *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Meeting the statutory deadlines, then, is generally a condition upon which the ability to sue the federal government is predicated.

**[2]** In certain circumstances, however, a late filing may not be fatal, as a court may employ equitable doctrines to excuse a claimant's tardiness. The Supreme Court recognized in *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 753 (2008), that equitable doctrines are available to extend statutes of limitations in many cases. "Most statutes of limitations," the Court explained, "seek primarily to protect defendants against stale or unduly delayed claims." *Id.* When considering that kind of statute, courts have flexibility to toll the limitations period "in light of special equitable considerations." *Id.*

**[3]** In other cases, time limits are "more absolute." *Id.* If a statute of limitations aims "not so much to protect a defendant's case-specific interest in timeliness as to achieve a

broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency," a court's flexibility in using equitable doctrines to extend deadlines is limited. *Id.* (citations omitted). When construing a statute containing a strict limitations period, the Court has "often read the time limits . . . as more absolute, say as . . . forbidding a court to consider whether certain equitable considerations warrant extending a limitations period." *Id.* These statutes of limitations have been referred to, in "shorthand," as "jurisdictional." *Id.*

Resolution of the present case, then, depends on how to categorize the six-month filing deadline of § 2401(b). If the time limit is "jurisdictional," we can apply neither equitable estoppel nor equitable tolling to save Plaintiff's case. *Id.* If the time limit is instead intended to be only a procedural bar, equitable doctrines may apply. *Id.*

*John R. Sand & Gravel* itself is instructive. In that case, the Supreme Court was considering the statute of limitations in 28 U.S.C. § 2501, which states:

> Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
>
> . . . .
>
> A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.

The Court held that § 2501 is jurisdictional and therefore absolute in nature. 128 S. Ct. at 754. Using the principle of stare decisis, the Court relied on past cases in which it had

held that the statute was not one that could be equitably tolled. *Id.* The Court rejected the plaintiff's assertion that *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), which established a rebuttable presumption that equitable tolling is available in suits against the government, applied when the Court's past cases already had established a rule dealing with the particular statute at hand. *John R. Sand & Gravel*, 128 S. Ct. at 755-56.

**[4]** We, too, can find the answer in our own precedent. We have long held that § 2401(b) is jurisdictional.[3] *See, e.g.*, *Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988). There, we held that the timing requirement contained in § 2401(b) is jurisdictional and is "subject neither to estoppel principles nor to equitable considerations." *Id.* We rejected the plaintiff's claim as untimely and, because neither estoppel nor equitable tolling could extend the limitations period, the plaintiff's claim could not succeed. *Id.*; *see also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("Timely compliance with section 2401(b) is a jurisdictional prerequisite to maintenance of a FTCA suit."); *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977) (per curiam) (noting that the requirements of § 2401(b), and 28 U.S.C. § 2675(a), another FTCA statute of limitations, are "jurisdictional in nature and may not be waived"); *Mann v. United States*, 399 F.2d 672, 673 (9th Cir. 1968) (holding that the statute of limitations in § 2401(b) is jurisdictional and that the time limitation was not tolled while the claimant was a minor).

*Berti* in turn cited *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985), which held that § 2675(a) was jurisdictional. There, the plaintiff had filed an untimely action, but he

---

[3]We recognize that *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997), held that the six-year statute of limitations in § 2401(a) is not "jurisdictional," but instead sets up a waivable procedural bar. Section 2401(a) is not before us, so we need not decide here whether *Cedars-Sinai* can survive after *John R. Sand & Gravel*.

argued that the United States should be estopped from asserting the insufficiency of his administrative claim and that principles of equity should toll the statute of limitations. *Burns*, 764 F.2d at 724. We held that § 2675(a) is jurisdictional and that the government could not be barred, through the operation of equitable doctrines, from asserting that jurisdictional requirements must be met. *Id.*; *see also William G. Tadlock Constr. v. U.S. Dep't of Defense*, 91 F.3d 1335, 1340 (9th Cir. 1996) (recognizing that, if a filing period is jurisdictional, equitable doctrines are inapplicable because their use would create jurisdiction in the federal courts where Congress has not done so).

Our more recent cases also reflect the view that the timing requirements of § 2401(b) are jurisdictional. *See, e.g.*, *Goodman v. United States*, 298 F.3d 1048, 1053 (9th Cir. 2002) ("A district court does not have jurisdiction to hear a tort claim against the United States unless the claimant files a complaint in federal court within six months after final agency decision."); *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir.) (holding that the two-year limitation in § 2401(b) is a "threshold jurisdictional requirement"), *amended on denial of reh'g*, 298 F.3d 754 (9th Cir. 2002). Just as the Supreme Court in *John R. Sand & Gravel* relied on its past cases to conclude that the statute of limitations at issue there was jurisdictional and not subject to equitable extensions so, too, we are bound by our own precedents to hold that the limitations period in § 2401(b) is jurisdictional.

**[5]** Even in the absence of those Ninth Circuit precedents, we would reach the same conclusion. The purpose of § 2401(b)'s six-month filing deadline fits squarely into *John R. Sand & Gravel*'s second category of statutes of limitations: Its purpose is "not so much to protect [the government's] case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims." *John R. Sand & Gravel*, 128 S. Ct. at 753. The FTCA includes a detailed administrative process for handling tort

claims against agencies. The statutory filing deadline is a key part of that process and plainly "facilitat[es] the administration of claims." When the six-month deadline to file an action in federal court was added to the FTCA in 1966, the Senate Judiciary Committee concluded that the deadline would

> ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States. . . . The committee observes that the improvements contemplated by the bill would not only benefit private litigants, but would also be beneficial to the courts, the agencies, and the Department of Justice itself.

S. Rep. No. 89-1327 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516. Those remarks bolster our conclusion that the purpose of the six-month limitation was, indeed, to facilitate the administration of claims. Additionally, the legislative history of § 2401(b) of the FTCA suggests that Congress did not intend for equitable tolling to apply. *See generally* Ugo Colella & Adam Bain, *Revisiting Equitable Tolling and the Federal Tort Claims Act: Putting the Legislative History in Proper Perspective*, 31 Seton Hall L. Rev. 174 (2000) (engaging in a detailed discussion of the legislative history of § 2401).

**[6]** A final reason to conclude that equitable exceptions do not apply to § 2401(b) is found in its context. Congress explicitly included some exceptions to the deadlines in § 2401(a), but included no such exceptions in § 2401(b). Section 2401(a) of the statute reads in part: "The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases." Section 2401(b) contains no exceptions to its six-month statute of limitations. Where Congress "includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that

Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal quotation marks omitted). Because Congress chose to extend the time limit in § 2401(a) under certain circumstances, but did not include *any* exceptions to the limitations period of § 2401(b), we must conclude that Congress intended the deadlines of § 2401(b) to be adhered to strictly. If Congress had intended to grant exceptions to the § 2401(b) limitations period, it would have done so expressly, as it did in § 2401(a). *United States v. Fiorillo*, 186 F.3d 1136, 1153 (9th Cir. 1999) (per curiam).

**[7]** To summarize, because § 2401(b) is jurisdictional, we must refrain from using equitable estoppel or equitable tolling to excuse Plaintiff's untimeliness. To save Plaintiff's suit using an equitable doctrine would impinge on Congress' role as regulator of the jurisdiction of the federal courts.

**[8]** We are mindful that a panel decision of our court held that § 2401(b) is not jurisdictional but, for reasons we shall explain, that holding has no precedential value. In *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996), the plaintiff filed suit under the FTCA one year after the deadline embodied in § 2401(b) had lapsed. The plaintiff had been abducted by federal agents, interrogated in Mexico and, upon his return, incarcerated for more than two years before being acquitted at trial. *Id.* at 699. He argued that his late filing should be excused under the doctrine of equitable tolling. *Id.* at 700. We held, with respect to § 2401(b): "Equitable tolling is available in suits against the United States absent evidence that Congress intended the contrary. Nothing in the FTCA indicates that Congress intended for equitable tolling not to apply. Hence, equitable tolling is available for FTCA claims in the appropriate circumstances . . . ." *Id.* at 701 (citations omitted).

After the panel's decision issued, our court voted to rehear the case en banc. *See Alvarez-Machain v. United States*, 284

F.3d 1039 (9th Cir. 2002) (order). The order granting rehearing en banc stated: "The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court." *Id.* at 1040. The panel's holding regarding § 2401(b) therefore lost its precedential value, except to the extent that the en banc court later adopted it.

The en banc opinion did not discuss the FTCA statute of limitations; our FTCA discussion was limited to whether two statutory exceptions, the "foreign activities" exception and the "intentional tort" exception, applied. *See Alvarez-Machain v. United States*, 331 F.3d 604, 638-40 (9th Cir. 2003) (en banc). The en banc court adopted no part of the panel opinion. But, to reach the merits of the plaintiff's FTCA claims, we had to have held implicitly that the statute of limitations was tolled, because the plaintiff's suit was filed well after the deadline had passed. We therefore implicitly held that § 2401(b) is non-jurisdictional; sitting as an en banc court, we could do so despite our earlier panel decisions to the contrary.

**[9]** But the story does not end there. In time, the Supreme Court granted certiorari and reversed our en banc decision. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 738 (2004). Just as we had done, the Court moved directly to the merits of the FTCA claim without examining jurisdiction; that is, it did not discuss whether tolling was available under § 2401(b). *Id.* at 700-03. After the Supreme Court's decision, our en banc court *vacated* its earlier opinion and remanded the case to the district court for further proceedings. *Alvarez-Machain v. United States*, 374 F.3d 1384 (9th Cir. 2004) (en banc order). Because "a decision that has been vacated has no precedential authority whatsoever," *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991), our implicit en banc holding regarding § 2401(b) is of no moment and does not bind us. *See also* 47 Am. Jur. 2d *Judgments* § 714 (2009) ("When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment.").

Nor are we bound by the Supreme Court's *sub silentio* assumption that it had jurisdiction over Alvarez-Machain's FTCA claims in *Sosa*. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1363 (9th Cir. 1998) (holding that, when the Supreme Court did not address a jurisdictional issue directly in a previous case, its *sub silentio* assumption that it had jurisdiction "does not constitute binding authority" on that jurisdictional issue). Similarly, our own *sub silentio* assumption that we had jurisdiction over late-filed claims in three post-*Alvarez-Machain* cases does not create an intra-circuit conflict on this issue, because our assumption of jurisdiction in those cases does not dictate that we have jurisdiction in this case. *See Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir. 2008), *petition for cert. filed*, 77 U.S.L.W. 3437 (U.S. Jan. 14, 2009) (No. 08-904); *Papa v. United States*, 281 F.3d 1004, 1011 (9th Cir. 2002); *Lehman v. United States*, 154 F.3d 1010, 1015-16 (9th Cir. 1998).

[10] In summary, we hold that the six-month statute of limitations in § 2401(b) is jurisdictional and that failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply. We dismiss Plaintiff's claim for lack of subject matter jurisdiction.

AFFIRMED.