**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFFORD L. SASSELLI, | No. 08-17105 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02204-GEB-CMK |
| v. | |
| TRICIA CHRISTOFFERSON, Public Service Staff, U.S. Forest Service, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Clifford L. Sasselli appeals pro se from the district court's judgment

dismissing his action alleging claims under the Federal Tort Claims Act ("FTCA")

and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Coyle v. P.T. Garuda Indon.*, 363 F.3d 979, 984 n.7 (9th Cir. 2004). We affirm.

The district court properly dismissed Sasselli's FTCA claim for lack of subject matter jurisdiction because Sasselli failed to file an administrative claim before filing this action in the district court. *See* 28 U.S.C. §§ 2401(b), 2675(a); *Marley v. United States*, 567 F.3d 1030, 1034–37 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 796 (2009).

The district court properly dismissed Sasselli's *Bivens* claim for failure to state a claim because Sasselli filed his claim after the applicable two-year statute of limitations expired. *See W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam) (explaining that the forum state's personal injury statute of limitation applies in *Bivens* actions); Cal. Civ. Proc. Code § 335.1.

Sasselli did not object to the magistrate judge's order staying discovery and thus forfeited his right to challenge that order on appeal. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (concluding that a party who fails to timely object to a magistrate judge's nondispositive order forfeits the right to challenge that order on appeal).

08-17105

Sasselli's remaining contentions are unpersuasive.

**AFFIRMED.**