**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BESSIE IRENE WALTZ,

   Plaintiff - Appellant,

 v.

UNITED STATES OF AMERICA; et al.,

   Defendants - Appellees.

No. 10-15713

D.C. No. 1:07-cv-01691-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted February 18, 2011[**]
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

  Plaintiff-Appellant Bessie Waltz appeals from the district court's dismissal

of her claim under the Federal Tort Claims Act for lack of subject matter

jurisdiction. She argues that she is entitled to equitable tolling of the limitations

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. ¶. 34(a)(2).

period established in 28 U.S.C. § 2401(b). However, as Waltz admits, we have previously held that § 2401(b) establishes a jurisdictional limitation that is not subject to equitable tolling. *See Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) ("[W]e hold that the six-month statute of limitations in § 2401(b) is jurisdictional and that failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply."). Contrary to Waltz's assertions, the Supreme Court's recent decision in *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), did not overturn this decision, and *Marley* continues to control.

AFFIRMED.