
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMELYN G. BANARES; CARLOS M. SISON,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>BRIAN M. DEMORE, Acting Field Officer ICE, Los Angeles CA; JANE ARELLANO, Field Office Director, Los Angeles, CA; JONATHAN JOCK SCHARFEN, Acting Director, USCIS; JANET A. NAPOLITANO, Secretary of DHS; ERIC H. HOLDER, JR., Attorney General of the United States; UNITED STATES OF AMERICA,<br><br>　　　　Defendants - Appellees. | No. 09-55913<br><br>D.C. No. 2:08-cv-03436-RGK-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 18, 2011[**]
Pasadena, California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. ¶. 34(a)(2).

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Plaintiff-Appellants Amelyn Banares and Carlos Sison appeal from the district court's dismissal of their complaint seeking relief under the Federal Tort Claims Act. The district court held that it lacked subject matter jurisdiction and dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(1).

The plaintiffs were wrongly removed from the country on March 28, 2005 and were returned on May 25, 2007. They filed an administrative claim on October 25, 2007. The district court held that the limitations period for the plaintiffs' claim, governed by 28 U.S.C. § 2401(b), expired on March 28, 2007, two years after they were wrongly removed. The plaintiffs argue that the district court should have calculated their limitations period starting on the date they were returned, rather than on the date they were wrongly removed. In the alternative, the plaintiffs argue that they are entitled to equitable tolling of the limitations period.

The FTCA's statute of limitations provides,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). "[A] cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his

action." *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986) (quoting *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)). We agree with the district court's conclusion that the plaintiffs were made aware of their injury on March 28, 2005, when they were removed in spite of a court-ordered stay of removal. Any injuries they suffered in the time period between their removal and eventual return to the country relate back to the initial injury of removal.

Furthermore, the limitations period established by 28 U.S.C. § 2401(b) is not subject to equitable tolling. *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) ("[W]e hold that the six-month statute of limitations in § 2401(b) is jurisdictional and that failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply."). The district court therefore correctly dismissed the plaintiffs' complaint for lack of jurisdiction.

AFFIRMED.