11-2951-cv
Claire Gilvar and Casey Chamberlain v. United States of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                Chief Judge,
    GUIDO CALABRESI,
    ROSEMARY S. POOLER,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

CLAIRE GILVAR, CASEY CHAMBERLAIN,
    Plaintiffs-Appellants,

    -v.-                    11-2951-cv

UNITED STATES OF AMERICA,
    Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:        Ira H. Goldfarb (Bart J. Eagle, Law Offices of Bart J. Eagle, PLLC, New York, NY, on the brief), Friedman, Levy, Goldfarb & Green, P.C., New York, NY.

**FOR APPELLEE:**                        Joseph A. Pantoja (Sarah S. Normand, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs Claire Gilvar and Casey Chamberlain appeal from a judgment entered by the United States District Court for the Southern District of New York (Swain, J.) dismissing their claims under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

In January 2009, Plaintiffs each filed an administrative claim with the Department of Defense alleging that its negligence had contributed to the injuries they suffered in connection with an anthrax attack in September 2001. They ultimately filed this suit, which the district court dismissed after concluding that Plaintiffs' administrative claims had not been filed within two years of accrual--a jurisdictional defect for a suit filed under the FTCA. See Johnson v. The Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999); see also 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.").

We review de novo a district court's dismissal of a FTCA claim as untimely. See Kronisch v. United States, 150 F.3d 112, 120 (2d Cir. 1998). Because the question of timeliness is jurisdictional, the plaintiff bears the burden of pleading and proving timeliness. See In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987). We agree with the district court that Plaintiffs have failed to do so. Although the FBI did not publicly disclose until 2008 that a government researcher was behind the attacks, the accrual of an FTCA claim does not depend on the progress

2

of a criminal investigation.  See Skwira v. United States, 344 F.3d 64, 84 (1st Cir. 2003) (Boudin, J., concurring). Rather, a claim normally accrues at the time of injury. Kronisch, 150 F.3d at 121.  Where either "the government conceals the acts giving rise to plaintiff's claim" or "where [the] plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted, the so-called 'diligence-discovery rule of accrual' applies."  Id.  Moreover, the filing of an administrative claim is not equivalent to the filing of a lawsuit: the administrative claim serves the important statutory goal of putting the federal government on notice so that it can investigate the claim (a condition of the waiver of sovereign immunity) and therefore requires less knowledge on the part of plaintiff than the filing of a lawsuit.  See Marley v. United States, 567 F.3d 1030, 1036 (9th Cir. 2009) ("The FTCA includes a detailed administrative process for handling tort claims against agencies. The statutory filing deadline is a key part of that process and plainly facilitates the administration of claims." (internal quotation marks omitted)); Skwira, 344 F.3d at 81 ("[T]o file an administrative claim and preserve ones rights under the FTCA, one need only be in possession of sufficient information for the agency to investigate the claims." (internal quotation marks omitted)).

As a result, even with the benefit of the diligence-discovery rule, Plaintiffs' claims accrued well before January 2007 (two years before the administrative claims were filed), when they should have formed a reasonable suspicion that the government was connected to the anthrax attacks.  See Kronisch, 150 F.3d at 122; Skwira, 344 F.3d at 77.  It was not necessary to know the identity of the individual perpetrator in order to discern the government's negligence.  The weight of the publicly available information following the attacks indicated that the anthrax originated at a United States government facility.  At this point, Plaintiffs, with reasonable diligence, "should have discovered the critical facts of both [their] injury and its cause" sufficient to file an administrative claim. Kronisch, 150 F.3d at 121 (internal quotation marks omitted).

We need not decide whether FTCA claims are subject to equitable tolling, an open question in this Circuit.  See A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011).  "This Court has applied the doctrine as a

3

matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong forum." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks and alterations omitted).  Those circumstances are not met in this case, where we have already found that Plaintiffs possessed sufficient information to seek legal advice more than two years before they filed their claims.

Finding no merit in appellants' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4