FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARITZA GALLARDO,
*Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee*.

No. 12-55255

D.C. No.
2:11-cv-05013-
JFW-PJW

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
January 8, 2014—Pasadena, California

Filed April 15, 2014
Amended June 3, 2014

Before: William A. Fletcher, Milan D. Smith, Jr.,
and Paul J. Watford, Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Federal Tort Claims Act

The panel filed an order amending its opinion, and an amended opinion affirming in part and vacating in part the district court's dismissal, as time-barred, of Maritza Gallardo's Federal Tort Claims Act action brought against the United States.

The Federal Tort Claims Act's statute of limitations is two years unless tolled. Maritza Gallardo did not file an administrative claim for negligence against the U.S. Marine Corps until four years after an alleged sexual assault. While the appeal was pending, the court decided *Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc), holding that equitable tolling of the statute of limitations was available in FTCA actions.

The panel held that Gallardo's FTCA claim accrued at the time of the assault, not at the time she learned of the Corps' negligence, and concluded that the FTCA's two-year statute of limitations, absent tolling, had run. The panel also held that Gallardo's equitable tolling argument was not waived. Finally, the panel held that *Wong*'s conclusion that 28 U.S.C. § 2401(b) is nonjurisdictional and subject to equitable tolling applied to the entirety of that subsection. The panel remanded to the district court to consider Gallardo's equitable tolling argument in the first instance.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Randall Jonathan Paulson (argued), Law Offices of Randall J. Paulson, Santa Ana, California, for Plaintiff-Appellant.

Adam C. Jed (argued) and Mark B. Stern, United States Department of Justice, Washington, D.C.; Donald W. Yoo, Office of the United States Attorney, Los Angeles, California, for Defendant-Appellee.

**ORDER**

The court's opinion, filed April 15, 2014, and published at *Gallardo v. United States*, 2014 WL 1424469 (9th Cir. Apr. 15, 2014), is hereby amended as follows:

The first two paragraphs of Part III.B previously read:

> In the alternative, Gallardo argues that the statute of limitations should be equitably tolled. When the district court dismissed Gallardo's claim, equitable tolling was not available under the FTCA. *See Marley*, 567 F.3d at 1038. In 2013, however, we overruled *Marley*, holding in *Wong v. Beebe* that equitable tolling of the statute of limitations is available in FTCA actions. 732 F.3d at 1033.

> The government makes two arguments against equitable tolling. First, the government argues that Gallardo did not raise equitable tolling in the district court and has therefore waived this argument. But at the

time the district court ruled on the motion to dismiss, equitable tolling was foreclosed by *Marley*.  The argument became available only later, while this case was on appeal, when we decided *Wong*.    We therefore hold that Gallardo's equitable tolling argument is not waived.  *See, e.g.*, *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986) (an exception to waiver exists "when a new issue arises while appeal is pending because of a change in law").

*Gallardo v. United States*, No. 12-55255, slip op. 9 (9th Cir. Apr. 15, 2014).  The opinion is amended so that these two paragraphs now read:

In the alternative, Gallardo argues that the statute of limitations should be equitably tolled.  The government makes two arguments against equitable tolling.

First, it argues in a supplemental brief that Gallardo did not argue equitable tolling in the district court and has therefore waived this argument.    In its answering brief, the government had argued on the merits that equitable tolling was not available under the FTCA.  It contended that we had "overruled" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (holding that equitable tolling is available under the FTCA), in our 2009 decision in *Marley*, in which we held that equitable tolling is not available in FTCA actions.    After the

government's answering brief was filed, we overruled *Marley*, holding in *Wong* that equitable tolling is available. The government then argued, for the first time, that Gallardo had waived her equitable tolling argument by not raising it in the district court. Because the government failed to argue waiver in its answering brief, its waiver argument is itself waived. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). Even if the government had not "waived the waiver," however, we would be inclined to hold that Gallardo has not waived her equitable tolling argument. *See Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986) (an exception to waiver exists "when a new issue arises while appeal is pending because of a change in law"). At the time of the district court's decision, *Marley* was still on the books. It clearly held that our prior holding in *Alvarez-Machain* was no longer good law. *See Marley*, 567 F.3d at 1037–38 (explaining that the holding in *Alvarez-Machain* "has no precedential value"). Only after our en banc decision in *Wong* did it become clear that *Marley* was not good law.

Future petitions for rehearing will not be entertained.

## OPINION

W. FLETCHER, Circuit Judge:

Plaintiff Maritza Gallardo appeals from the district court's dismissal of her Federal Tort Claims Act ("FTCA") action against the United States as time-barred.  Gallardo's claim arose out of an alleged sexual assault committed by a sergeant in the U.S. Marine Corps ("the Corps") while he was on a recruitment detail at her middle school.  Gallardo did not file an administrative claim for negligence against the Corps until four years after the assault.  The FTCA's statute of limitations is two years unless tolled.  28 U.S.C. § 2401(b).

While this appeal was pending, we decided *Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc), holding that equitable tolling of the statute of limitations is available in FTCA actions.  *See id.* at 1033.  We overruled *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009), which held that equitable tolling is unavailable.  In light of this change in the law, we vacate the district court's dismissal of Gallardo's FTCA claim and remand for that court to determine whether equitable tolling is appropriate in the circumstances of this case.

## I. Background

### A. Alleged Sexual Assault

The following narrative is based on allegations by Gallardo in her complaint and on statements by her mother, Maria Gallardo, in a declaration submitted to the district court in connection with its jurisdictional ruling under Federal Rule of Civil Procedure 12(b)(1).  For present purposes, we

assume the truth of these allegations and statements. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

In March 2006, middle-school student Maritza Gallardo met U.S. Marine Corps Sergeant Ross Curtis at a civilian youth disciplinary "boot camp." While Gallardo was at the camp, Curtis asked her for her Myspace address. After Gallardo left the camp, Curtis sent messages to her Myspace address between March and May, suggesting that they "hang out" together. Gallardo "resisted" Curtis's overtures.

In May 2006, Curtis represented the Corps, in his "Dress Blues" uniform, at Gallardo's middle school career day. During the career day, they acknowledged each other but did not speak. Gallardo left the school grounds at the end of the day. Curtis saw her leave and called her, asking her to return to the school. Gallardo returned, and she and several other students accepted Curtis's offer to give them a ride home. After Curtis had dropped off everyone except Gallardo, he "drove around for some time and parked in a nearby neighborhood." After he and Gallardo "talked for a while," Curtis "began driving . . . and eventually parked" again. Curtis "began . . . kissing her, fondling her breasts, asking her to tou[c]h his erect penis and eventually attempting sexual penetration." Gallardo began to cry. Curtis stopped, told her not to tell anyone what had happened, and drove her home.

## B. Curtis's Criminal Prosecution

In August 2008, law enforcement officials arrested Curtis, now a civilian, for a sexual assault on another minor. While searching Curtis's computer, officials found pictures and

Myspace messages that he had sent to Gallardo. Detectives interviewed Gallardo at her home in the fall of 2008.

The following year, Gallardo and her mother were subpoenaed for Curtis's criminal trial. During the trial, Gallardo's mother learned from a female member of the Corps that Curtis had assaulted her, but that her military superiors had taken no disciplinary action against him after she reported the assault. Gallardo later learned that in March 2006, two months before Curtis sexually assaulted her on career day, he had been court-martialed for sexually assaulting three female members of the Corps. The result of Curtis's court-martial was that "the Corps retained his enlistment, assigned him to recruitment detail, and he was scheduled to be discharged in June 2006."

## C.  Proceedings Below

In May 2010, after learning of Curtis's history of sexually assaulting women, and of the Corps' knowledge of those assaults at the time it assigned him to the recruitment detail at her middle school, Gallardo filed an administrative claim with the Corps and the Department of Defense. The gravamen of Gallardo's claim was that the assault occurred because of the Corps' negligence in assigning a known sex offender to work with middle-school students. Gallardo's administrative claim was denied in December 2010.

Gallardo then filed suit in federal district court based on the same allegations as those in her administrative claim. Defendants moved to dismiss Gallardo's claim as untimely under the FTCA's two-year statute of limitations. In response, Gallardo argued that "her claim did not accrue until

the facts of [Curtis's] military record became known at the time of his criminal trial" in 2009.

The district court agreed with defendants, holding under *United States v. Kubrick*, 444 U.S. 111 (1979), that Gallardo's claim accrued at the time of Curtis's assault. Gallardo timely appealed.

## II. Standard of Review

"We review de novo a district court's interpretation of the statute of limitations under the FTCA, and its decision as to whether a statute of limitations bars a claim." *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (citations omitted).

## III. Discussion

On appeal, Gallardo makes two arguments. First, she argues that the district court erred in concluding that her claim accrued at the time of Curtis's assault. Second, she argues that the statute of limitations should be equitably tolled. We disagree with her first argument. However, her second argument may have merit. In light of our intervening precedent in *Wong v. Beebe* holding that equitable tolling is available in FTCA actions, we remand to the district court to consider Gallardo's equitable tolling argument in the first instance.

### A. Accrual of Gallardo's Claim

A plaintiff bringing an FTCA claim against the United States must first file an administrative claim with the appropriate agency "within two years after such claim

accrues."   28 U.S.C. § 2401(b).   Otherwise, it is "forever barred."  *Id.*

Gallardo argues that her claim did not accrue until 2009, when she learned of the Corps' negligence.  We disagree. Gallardo's argument is foreclosed by *Kubrick*.  The Supreme Court held in *Kubrick* that once a plaintiff becomes aware of her injury and its immediate cause, her claim accrues. 444 U.S. at 122.  In so deciding, the Supreme Court declined to "hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that [her] injury was negligently inflicted."  *Id.* at 123.

Our post-*Kubrick* precedents are consistent with the conclusion that Gallardo's claim accrued at the time of Curtis's assault.  For example, in *Hensley v. United States*, 531 F.3d 1052 (9th Cir. 2008), we held that the plaintiffs' claim against the United States resulting from an accident involving a vehicle driven by a naval officer "accrued at the time of the collision and not later when the Attorney General certified that the [officer] was acting within the scope of his federal employment at the time of the collision."  *Id.* at 1054. "[A]s a general rule, ignorance of the involvement of government employees is irrelevant to accrual of a federal tort claim."  *Id.* at 1056.  We wrote that *Kubrick* does not allow for "delay[ing] accrual of a federal tort claim until plaintiff knows or has reason to know of the culpability of federal agents."  *Id.* (quoting *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986)).  We explained:

> At the moment Eich [the naval officer] struck Mrs. Hensley's car with his own, the Hensleys knew both the fact of the injury and its immediate physical cause.  The fact that Mrs.

> Hensley suffered an injury was immediately apparent; the cause (a collision) was immediately apparent; and even the identity of the person who inflicted the injury (Eich) was immediately apparent. Therefore, the Hensleys' claim accrued at the time of the accident.

*Hensley*, 531 F.3d at 1057 (citation omitted).

Gallardo cannot distinguish her case from *Hensley*. She emphasizes on appeal that "she could not have known or had reason to suspect" that the Corps was "complicit" in her injury "because the cause known at the time was [Curtis's] assault." But, as we held in *Hensley*, "ignorance of the involvement of United States employees is irrelevant." *Id.* at 1057 (quoting *Dyniewicz v. United States*, 742 F.2d 484, 487 (9th Cir. 1984)). Here, Gallardo "knew both the fact of the injury and its immediate physical cause," *id.*, in May 2006. Because Gallardo did not file her administrative claim until four years later, the FTCA's two-year statute of limitations, absent tolling, had run.

## B. Equitable Tolling

In the alternative, Gallardo argues that the statute of limitations should be equitably tolled. The government makes two arguments against equitable tolling.

First, it argues in a supplemental brief that Gallardo did not argue equitable tolling in the district court and has therefore waived this argument. In its answering brief, the government had argued on the merits that equitable tolling was not available under the FTCA. It contended that we had

"overruled" *Alvarez-Machain v. United State*s, 107 F.3d 696, 701 (9th Cir. 1996) (holding that equitable tolling is available under the FTCA), in our 2009 decision in *Marley*, in which we held that equitable tolling is not available in FTCA actions. After the government's answering brief was filed, we overruled *Marley*, holding in *Wong* that equitable tolling is available. The government then argued, for the first time, that Gallardo had waived her equitable tolling argument by not raising it in the district court. Because the government failed to argue waiver in its answering brief, its waiver argument is itself waived. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). Even if the government had not "waived the waiver," however, we would be inclined to hold that Gallardo has not waived her equitable tolling argument. *See Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986) (an exception to waiver exists "when a new issue arises while appeal is pending because of a change in law"). At the time of the district court's decision, *Marley* was still on the books. It clearly held that our prior holding in *Alvarez-Machain* was no longer good law. *See Marley*, 567 F.3d at 1037–38 (explaining that the holding in *Alvarez-Machain* "has no precedential value"). Only after our en banc decision in *Wong* did it become clear that *Marley* was not good law.

Second, the government argues that *Wong* does not control because that case involved a different provision of the FTCA's statute of limitations. The statute imposes two deadlines:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues or unless action is begun within *six months* after the date of

mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). The provision at issue in *Wong* was the six-month time limit for filing suit after agency denial of a claim. *See* 732 F.3d at 1033–34. The applicable provision here is the two-year time limit for filing a claim with the agency. Although these two provisions are part of the same statutory subsection, the government contends that our holding in *Wong* applies only to the six-month provision.

Our language and reasoning in *Wong* foreclose the government's argument. We repeatedly stated in *Wong* that § 2401(b) is nonjurisdictional and subject to equitable tolling, without distinguishing between the six-month and two-year provisions. *See, e.g.*, *id.* at 1033 ("We hold that § 2401(b) is not 'jurisdictional,' and that equitable tolling is available under the circumstances presented in this case."); *id.* at 1038 ("Several factors underlie our conclusion that § 2401(b) is nonjurisdictional."); *id.* at 1049 ("[N]othing in § 2401(b) suggests that it is inconsistent with equitable tolling. To the contrary, the FTCA goes out of its way in its efforts to treat the United States the same as private tort defendants.").

## Conclusion

We hold that *Wong*'s conclusion that 28 U.S.C. § 2401(b) is nonjurisdictional and subject to equitable tolling applies to the entirety of that subsection. We therefore vacate the district court's decision holding that Gallardo's FTCA claim

is time-barred.  We remand to the district court to consider Gallardo's equitable tolling argument in the first instance. We otherwise affirm.  Each side shall bear its own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**