FERNANDEZ, Circuit Judge,
concurring in part and dissenting in part:
I agree with much of what the majority says. I specifically agree with parts I, II and III of the majority opinion. The parts with which I do not entirely agree are IV, V and VI.
A. As to part IV, I think it is fair to assume that we all agree that “[a] district *1031 court should not dismiss a pro se complaint without leave to amend unless ‘it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.’ ” Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir.2012).
So where do I diverge from my colleagues? Well, the district court did not consider the fact that Montana allows equitable tolling “where a plaintiff is substantially prejudiced by a defendant’s concealment of a claim, despite the exercise of diligence by the plaintiff.” Schoof v. Nesbit, 316 P.3d 831, 841, 373 Mont. 226, 239 (2014); see also Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000-01, 104 L.Ed.2d 582 (1989); cf. Wallace v. Kato, 549 U.S. 384, 391-95, 127 S.Ct. 1091, 1097-99, 166 L.Ed.2d 973 (2007). Belanus’ pleading does suggest that he was unable to determine the illegality of the searches because the police officers testified that there were warrants, and despite his requests, the defendants failed and refused to supply him with copies of the alleged warrants, if any existed. In light of that, even though he did not sufficiently plead his claims or his entitlement to equitable tolling, at this point[1] I am unable to say that it is absolutely clear that the deficiencies cannot be cured by amendment.
While I am not at all certain that Bela-nus can spell out a basis for equitable tolling, I do believe that he should have been given an opportunity to do so. For example, from what we have in the record before us, he was not given a copy of the receipt from the August 3, 2008, search of his home that he came upon while the officers were there, and at his trial in June 2009 the officers testified that a warrant was, indeed, issued before the search took place. It was not until late 2009 or early 2010 that he discovered (suspected) that there was no such warrant. Allegations along those lines might suffice to spell out a period of equitable tolling sufficient to extend the statute of limitations period to or after June 5, 2012. ,Of course, I do not know that he can, or will be able to, so plead. I only say that giving him an opportunity so to do is not chimerizing — the district court should have given him that opportunity.
B. As to part V, while I do not disagree with the majority’s discussion of the merits, I do not think that the district court’s unnecessary order that the dismissal of Belanus’ action “counts as a strike” has any binding effect upon him or upon any future court. That is, Belanus has not suffered “an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (footnote, citations and internal quotation marks omitted). If and when Belanus does file another case in federal court seeking redress for some asserted wrong, and if and when he has insufficient funds and files a motion to proceed in forma pauperis, and if and when a district court denies that motion because it has been demonstrated that Be-lanus has previously accrued three strikes pursuant to 28 U.S.C. § 1915(g), that rejection order will be appealable. See Andrews v. King, 398 F.3d 1113, 1118-19 (9th Cir.2005). But at this point, any suggestions “of possible future injury do not satisfy the requirements of Art. III.” Whitmore v. Arkansas, 495 U.S. 149, 158, 110 *1032 S.Ct. 1717, 1724, 109 L.Ed.2d 135 (1990). Thus, I would determine that as to strikes no case or controversy within the meaning of the Constitution exists at this time. See Thomas v. Anchorage Equal Rights Comm’n, 220 F.3d 1134, 1139 (9th Cir.2000) (en banc).[2] It is tempting to issue an advisory opinion on the strike question for future courts that might have to struggle with deciding whether a previous piece of litigation did result in a strike, but I think that the temptation should have been resisted by the district court and should be resisted by us.[3] See Thomas, 220 F.3d at 1138; cf. Coleman v. Tollefson, — U.S. -, -, 135 S.Ct. 1759, 1765, 191 L.Ed.2d 803 (2015) (the time to appeal “from a third-strike trial-court dismissal” is when it occurs).
Therefore, I respectfully concur in part and dissent in part.

. I recognize that Montana argues that Bela-nus will not be able to allege sufficient facts, but that is best considered by the district court after Belanus has an opportunity to amend the current complaint. See Gallardo v. United States, 755 F.3d 860, 865 (9th Cir. 2014); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam).

. It matters not whether we view the issue "as one of standing or ripeness.” Id.

. Moreover, I fear that our holding, which makes district courts’ advisory rulings about whether dismissals are strikes binding and appealable, will lead to a morass of procedural problems for plaintiffs, defendants, and courts. Problems may arise when those rulings are made and in the future when a prisoner seeks to take advantage of the provisions of § 1915(a). See Andrews, 398 F.3d at 1120.